S. A. FENNELL, ADMINISTRATRIX, USE OF M. F. FENNELL, v. EDWARD McGOWAN.

1. PROMISSORY NOTE. *Collateral security. Rights of assignee. His laches. Indorser discharged.*

M. held the promissory note of F. for $500, with the promissory note of S. to F., for $1,500, as collateral security. S., knowing this fact, paid to F. the amount due on his (S.'s) note. Subsequent to this payment, M. sold F.'s note

to J., agent of T., and delivered with it the collateral note of S. J. held both notes, without suing, until the note of S. had become barred by the Statute of Limitations, and soon thereafter died. The administratrix of his estate brought an action, for the use of T., against M., upon his indorsement on F.'s note. The court instructed the jury, in effect, that S.'s payment to F., knowing that his note had been hypothecated to M., was a nullity so far as the latter was concerned; that M. could have compelled S. to pay the note again, and this right passed unimpaired to his assignee, J.; and that the latter, by taking no steps to collect the note of S., and allowing it to become barred by the Statute of Limitations, became liable to M. for its value, and as that value exceeded the amount due on the note of F., it constituted a perfect defence to the action. And the court refused to charge the jury, in substance, that the facts above recited would be no defence if M. knew of the payment by S. to F. *Held*, that the action of the court in both instances above indicated was correct.

2. SAME. *Competency of witness. Estate of decedent.*

In the case above stated, M. was a competent witness for himself as defendant, notwithstanding the fact that the result of the suit may cause the institution of an action by T. against the estate of J. for the failure of the latter to deal properly with the collateral note held by him as agent for T.

ERROR to the Circuit Court of Marshall County.

Hon. J. W. C. WATSON, Judge.

The case is sufficiently stated in the opinion of the court.

*Fant & Fant*, for the plaintiff in error.

1. The court below instructed the jury, for the defendant, that the payment by Stith of his note to Falconer was, as to McGowan and all subsequent holders, a nullity.

We think this was error. The most that McGowan could claim would be, that as to him the said payment was voidable. In law, there is a clear and well-defined distinction between the words "void" and "voidable." If a nullity, McGowan could not, by any act of his, ratify and make the payment a valid one, no matter how much he might desire to release Stith from his obligation. The evidence shows that if McGowan did not know when Stith paid his note, he at least acquiesced in the same for nearly twelve months, saying nothing to Stith or Falconer by way of protest. Now the question whether McGowan had notice of, and consented to the payment of Stith's note, or not, should have been left to the jury. Certainly, if he consented to, or acquiesced in the transaction, he is bound by it.

2   The court erred in permitting McGowan to testify in the case.

The note of Falconer was indorsed by McGowan to John D. Fennell, who has since died. and this suit was brought by S. A. Fennell, administratrix of said John D. Fennell's estate, for the use of M. T. Fennell, the real party in interest, whose money was used in buying the note.   The contract was made with John D. Fennell, all the preceding conversations were had with him, and it does seem that the spirit of the statute was violated by allowing McGowan to repeat in detail alleged conversations with Fennell, since deceased, and when there is no living witness to contradict him.

And besides, if McGowan's testimony be true, — which, however, is not the case, — there may be a liability resting upon John D. Fennell's estate in favor of this plaintiff, upon the ground that, by fraud, gross neglect, and misrepresentation, his principal, M. T. Fennell, has suffered damage to the extent of this debt.   In other words, McGowan, by shielding himself, throws the burden upon the estate of a decedent.

We think the statute is violated whenever the evidence offered is, directly or indirectly, for or against the estate of a deceased person, and whenever, by admitting this testimony to be true, a responsibility or liability is shifted from the witness to the estate of a decedent.   See *Jacks* v. *Bridewell*, 51 Miss. 881; 6 Geo. 584; 5 Cushm. 119; 12 Smed. & M. 545.

*Arthur Fant*, of counsel for the plaintiff in error, argued the case. orally.

*Strickland & Wooten*, for the defendant in error.

1. The proof shows that the Stith note, and the lien to secure it, became barred while in the hands of Fennell, and after the transfer to him by McGowan, which releases the latter from all liability.   In *Clopton* v. *Spratt*, 52 Miss. 251, this doctrine is well considered, and on page 259, in the opinion of this court, this language is used: "The surety is in all respects equally bound with the principal for the payment of the

debt, so far as the creditor is concerned. He can, therefore, never claim to be released without showing that he has been in some manner damaged by the act of the latter. No mere laches on the part of the creditor, short of the bar of the Statute of Limitations, can have this effect, for several reasons."

In the same case the court say: " The creditor discharges his duty when he takes care that no affirmative act of his shall either diminish the value of the security, or tie up his own hands against the principal debtor, or release any claim he holds against the property of the latter." Here it was an affirmative act of Fennell by which the collateral was lost, by permitting the bar of the statute to intervene.

In the case of *Clopton* v. *Spratt*, above referred to, the mistake in the proceedings to enforce the collateral, by which there were omitted from said proceedings ten acres of the land, including all the buildings and appurtenances, the court say, " amounts to a positive act on the part of the creditor whereby the value of the collateral has been impaired." A creditor, under such circumstances, is bound to use the care and legal skill necessary to insure a collection of its full value; and by a failure to accomplish this result, growing out of any negligence or want of skill on his part, the surety, and perhaps the principal debtor, will be *pro tanto* discharged upon the original obligation.

In the case at bar, the whole debt due on the collateral was lost by the gross negligence and positive act of the assignee and holder of the note of Falconer. The case referred to in 52 Miss. was so well considered by this court that we deem it unnecessary to multiply authorities or extend the argument, contenting ourselves to rest the merits of this controversy upon that case and the following, which, after critical examination, are found to sustain the position we assume: *Schroeppel* v. *Shaw*, 3 Comst. 446; *Nexsen* v. *Lyell & Johnson*, 5 Hill, 466; *McMullen* v. *Hinkle*, 39 Miss. 142; *Bank of Gettysburg* v. *Thompson*, 3 Grant Cas. 114; *Stewart* v. *Davis*, 18

Ind. 329 ; *Goodloe* v. *Clay*, 6 B. Mon. 236 ; 3 White & Tudor Ld. Cas. 552 *et seq.*

2. The verdict in this case is fully sustained by the evidence, and is not in conflict with any principle of law contained in the instructions of the court, which, we submit, were correct.

CHALMERS, C. J., delivered the opinion of the court.

Howard Falconer borrowed from McGowan $500, giving his own note and depositing as collateral a note for $1,500 on R. S. Stith. Stith subsequently paid to Falconer the amount due on his note, well knowing that it had been hypothecated to McGowan, but relying upon Falconer's promise to take it up and surrender it, which the latter failed to do. Subsequently to this payment by Stith, McGowan sold the Falconer note to John D. Fennell, agent of plaintiff, M. T. Fennell, and with it delivered the collateral Stith note. Fennell held both notes until the Stith note had become barred by the Statute of Limitations. Fennell being now dead, his administratrix brings this suit, for the use of M. T. Fennell, against McGowan upon his indorsement of the Falconer note.

The learned judge below rightly instructed the jury that the payment of his note by Stith to Falconer, at a time when the former knew that it had been hypothecated to McGowan, was a nullity so far as McGowan was concerned ; that the latter could have compelled Stith to pay it again ; that this right passed unimpaired to McGowan's assignee, Fennell ; and that the latter, by taking no steps to collect it, and allowing it to become barred by the Statute of Limitations, became liable to McGowan for its value, and as that value exceeded the amount due on the Falconer note, it constituted a perfect defence to this action. He rightly refused to instruct the jury that these facts would constitute no defence if McGowan knew of Stith's payment at the time when he transferred the note to Fennell, both because there was no proof that tended to show such knowledge on the part of McGowan, and because, as such knowledge obtained by McGowan after the payment was

made would not have defeated his own right to compel Stith to pay again, so it would not have defeated Fennell's right to do the same thing.

There was no error in permitting McGowan to testify. The fact that the result of this suit may cause the institution of a suit by M. T. Fennell against the estate of John D. Fennell, for the failure of the latter to deal properly with the collateral held by him as agent of the former, does not disqualify McGowan to testify in this case. In such a suit McGowan will have no interest, and in this suit John D. Fennell's estate has no interest. To work a disqualification of an interested witness, the estate of a decedent must be directly affected by the pending suit. That it may be ultimately affected in some other suit is immaterial. *Stone* v. *Love,* 56 Miss. 449.

Judgment affirmed.