## W. J. COLE v. M. R. GARDNER.

1. ESTATE OF DECEDENT.   *Witness.   Code* 1880, § 1602.   *Foundation for secondary evidence.*

   Even as against the estate of a decedent, a party in interest asserting a claim or defense may testify to the loss of a writing in laying the foundation for the introduction of secondary evidence to prove its contents. *Harper* v. *Lacey*, 62 Miss. 5.

2. SAME.   *Suit by assignee of deceased payee.   Maker competent witness.*

   In a suit against the maker of a note by an assignee of the deceased payee, the defendant is a competent witness to prove payment to the payee before the transfer.   *Love* v. *Stone*, 56 Miss. 449 ; *Combs* v. *Black*, 62 Ib. 831.

FROM the circuit court of Lee county.

HON. LOCK E. HOUSTON, Judge.

The appellant, Cole, being indebted to W. H. Gardner, executed and delivered to him a note, which he afterwards endorsed and transferred to M. R. Gardner.   After the death of W. H. Gardner this suit was brought on said note by the assignee, M. R. Gardner, and the defendant pleaded payment.

On the trial of the case the defendant, Cole, was offered as a witness to prove that he had paid the note to the said W. H. Gardner before his death and before the transfer to M. R. Gardner, the plaintiff, who sued in her own right as holder of said note.   On objection of plaintiff, the testimony of defendant was rejected, on the ground that he was incompetent to testify because of the death of W. H. Gardner, the matter he proposed to testify about having occurred during the lifetime of said decedent.

The defendant was then offered as a witness to prove that he had taken a receipt from said W. H. Gardner, and that it had been lost, in order to lay the foundation for the introduction of the testimony of another witness to show the contents of the said receipt.   But, on objection of plaintiff, the court held that the defendant was an incompetent witness for this purpose also and excluded the testimony.

There was a trial, resulting in a verdict and judgment for plain-

tiff, from which the defendant appealed. It is not necessary to set out the other testimony or the instructions.

Section 1602, code 1880, under which the court excluded the testimony of the defendant is as follows : "No person shall testify as a witness to establish his own claim of any amount, for or against the estate of a deceased person, which originated during the lifetime of such deceased person, or any claim he has transferred since the death of such decedent."

*Clayton & Anderson,* for appellant.

1. This suit is by M. R. Gardner in her own right as holder of the note, and not as the representative of W. H. Gardner. Therefore, the defendant is not disqualified as a witness to show payment of the note to said W. H. Gardner. *Griffin* v. *Lower,* 37 Miss. 458 ; *Faler* v. *Jordon,* 44 Ib. 283 ; *Hedges* v. *Aydelott,* 46 Ib. 99 ; *Love* v. *Stone,* 56 Ib. 449.

The witness is not incompetent merely because he may be incidentally benefited by the result of the suit. *Sweatman* v. *Parker,* 49 Miss. 19. See also *McCutchen* v. *Rice,* 56 Ib. 455.

2. Clearly the defendant was a competent witness to show the loss of the receipt, in order that its contents might be shown by other witnesses. *Harper* v. *Lacey,* 62 Miss. 5.

*J. L. Finley,* on the same side.

The court excluded the testimony of defendant in the face of authorities, and even refused to allow him to testify to the loss of the receipt, thereby shutting out the testimony of William Cole, who saw the receipt and could have told its contents.

No counsel for appellee.

CAMPBELL, J., delivered the opinion of the court.

The defendant, if incompetent as a witness to testify fully, was certainly competent to lay the foundation for evidence of the contents of the receipt alleged to have been lost. *Harper* v. *Lacey,* 62 Miss. 5.

But he was competent as a witness to testify to his defense. *Love* v. *Stone,* 56 Miss. 449 ; *Combs* v. *Black,* 62 Ib. 831.

*Reversed and remanded.*