WINSTON JONES, ADM'R, *v.* AMANDA L. WARREN ET AL.

1. WITNESS AGAINST ESTATE. *Code* 1880, § 1602. *Surviving partner as witness.*

On exceptions to the account of an administrator, a surviving partner of the intestate is a competent witness to prove the correctness of an open account in favor of the partnership against the deceased partner, which had been paid by the administrator on an accounting. He is not testifying to establish his own claim against the estate within the meaning of § 1602, code 1880. *Gordon* v. *McEachin*, 57 Miss., 834.

2. ESTATE OF DECEDENT. *Administration in two states. Domicile of assets.*

Where an estate in this state and in Alabama consists in part of decedent's half-interest, as partner in a mercantile firm in this state, and administration is taken out in both states, the balance due to decedent on an accounting of the partnership assets is properly payable to the Mississippi administrator, although deceased lived in Alabama and the accounting was had and money paid in that state.

3. SAME.   *Administration in this state.   What to embrace.   Case.*

   Where, on such accounting, the administrator, who is administrator in
   both states, paid the surviving partner of the Mississippi partnership an
   account due to it by the deceased partner, and then collected and
   charged to himself, as administrator in this state, the decedent's half
   of the partnership assets, thus augmented, he should be allowed in
   his administration in this state for the account so paid; and this, not-
   withstanding the account was for supplies furnished for decedent's use
   in Alabama, and the administrator had sought to obtain credit for the
   amount in his administration in that state.

4. ESTATE OF PARTNER.   *Accounting.   Limitation.   Code* 1880, § 2206.

   Said account on the books of the partnership against the deceased partner
   is not a claim against his estate required to be probated and registered
   under § 2206, code 1880 ; nor, before an accounting of the partnership
   assets, is it subject to the statute of limitations.

FROM the chancery court of Noxubee county.

HON. T. B. GRAHAM, Chancellor.

In April, 1889, S. G. Coleman, a citizen of Alabama, resi-
dent in Mobile, died in that state intestate and unmarried.
At the time of his death he owned a large landed estate,
consisting of plantations in Alabama and Mississippi, and
one plantation lying partly in Noxubee county, Mississippi,
and partly in Pickens county, Alabama. He owned also a
half-interest, as partner, in two stores—one in Noxubee
county, in this state, conducted under the name of Coleman
& Cole, and the other in Pickens county, Ala., under the style
of Coleman & Spann. The latter firm furnished the supplies
needed to equip and carry on the said plantation that lay in
both states. Both firms, as well as Coleman individually,
did business and kept accounts with Winston Jones & Co.,
commission merchants in Mobile, Ala., and, at the time
of Coleman's death, each firm had a large balance to its
credit in the hands of Winston Jones & Co. Troy Cole,
surviving partner of the firm of Coleman & Cole, also had
an account with said commission merchants.

Soon after the death of S. G. Coleman, Winston Jones,
senior partner of the firm of Winston Jones & Co., upon

petition of the heirs, was appointed administrator of his estate, taking out letters of administration in Mobile county, for Alabama, and in Noxubee county, for Mississippi. He at once took charge of the assets of the estate in both states, except such as belonged to the partnerships of Coleman & Spann and Coleman & Cole. These were left to be settled by the respective surviving partners.

In April, 1890, said administrator had a settlement in Mobile, Ala., with Troy Cole, surviving partner of the firm of Coleman & Cole. The individual account of Cole with his firm showed an indebtedness to it of about $500, while the individual account against Coleman on the books of the firm showed an indebtedness of $1,193.85, being mainly for supplies from said firm to a plantation owned by Coleman in Pickens county, Ala. Both the estate of Coleman and the partnership were amply solvent. The settlement was made in the following manner: The account of Cole with Coleman & Cole was charged to his individual account on the books of Winston Jones & Co., and the account of Coleman & Cole credited with a like amount. The amount of Coleman's indebtedness by account to Coleman & Cole, Jones charged to himself, as administrator of Coleman in Alabama, and credited it on the account of Coleman & Cole. The cash assets of said firm, thus augmented by payment of these two items, were equally divided between Cole, the surviving partner, and Jones, as administrator, the latter charging himself with the amount, as administrator in the state of Mississippi.

Subsequently, Jones, as administrator in Alabama, filed his account in the probate court of Mobile county, Ala., in which he showed this debit of $1,193.85, paid out in settlement with Cole. He also filed his account, as administrator in Mississippi, in the chancery court of Noxubee county, in which he charged himself with the amount received as assets from the firm of Coleman & Cole. Soon after the account was filed in Alabama, some of the heirs of Coleman filed ex-

ceptions thereto, objecting, among other things, to the allowance of the item of $1,193.85, upon the ground that the account was barred; that it had not been probated, and, even if a proper claim against the estate, it pertained to the administration in Mississippi, and should be allowed out of the Mississippi assets. Thereupon, the administrator obtained leave to amend his account on file in this state, and in April, 1891, filed a petition, asking to surcharge his former account, so as to allow him credit for the item of $1,193.85.

All the heirs of the estate were made parties, and certain of them appeared, and objected to the prayer of the petition, insisting that the account, if not barred, was payable out of the Alabama assets.

Upon the hearing of said petition, the court, after decreeing that the administrator make partial distribution of other sums in his hands, directed the administrator to pay into court the said sum of $1,193.85, and a commissioner was appointed by the decree to state the account of the administrator, and make report to the next term; and he was authorized by the decree to take testimony on the first Monday in August, 1891, continuing, if necessary, from day to day, the testimony to be either oral or by deposition, and, if oral, to be reduced to writing. The commissioner proceeded to take testimony at the time appointed, and, among other depositions, took those of Winston Jones, the administrator, and Troy Cole, which depositions he filed with his report. In his report, the commissioner found that the item of $1,193.85 was a proper charge against the estate in Mississippi in favor of the administrator. His report was excepted to by certain of the heirs, and, along with the exceptions, the heirs moved the court to suppress the depositions of Winston Jones and Troy Cole, because they were incompetent as witnesses against the estate of S. G. Coleman, and because the deposition of Jones was taken without notice. The whole matter was submitted to the chancellor for decree in vacation. The decree, as rendered, finds that the deposition of Jones,

administrator, was improperly taken, for the reason that no sufficient notice thereof was given; also, that the deposition of Troy Cole should be suppressed so far as it relates to the item of $1,193.85, for the reason that he was an incompetent witness against the estate. The exception to said item in the account was sustained, the decree reciting that it was a proper claim against the estate, but allowable only out of the Alabama assets, and the account was ordered restated in accordance with the decree, and from this decree the administrator appeals.

*A. C. Bogle*, for appellant.

Cole was not an incompetent witness. He was not testifying to establish his own claim against an estate. The item of $1,193.85 was a liability of Coleman to the partnership of Coleman & Cole. Claims, within the meaning of § 1602, code 1880, are such as exist between parties who sustain the relation of debtor and creditor. The statute has no reference to liabilities between partners on an accounting. *Harris* v. *Hutcheson*, 65 Miss., 9. The relation does not exist until after an accounting. 2 Bates on Part., § 735. Cole was not an adverse party, but a trustee, winding up the partnership. 1 Am. Law of Admn. (Woerner), § 124. Cole had no claim to establish. His interest in the partnership was not even represented by that item, but was ten times as much. He could not have probated it as a claim until there had been an accounting. See *Love* v. *Stone*, 56 Miss., 449; *Combs* v. *Black*, 62 *Ib.*, 831.

For a like reason, the statute of limitations has nothing to do with the case, it being a matter of liability between partners on an accounting. 60 Wis., 373.

The deposition of Jones was improperly suppressed. The decree fixed a time for beginning the taking of depositions, and provided for continuing from day to day. The appellees were parties to the decree, and had ample opportunity to be present.

The ruling of the court, in disallowing the credit of $1,-193.85, was extremely technical. It finds that it is a just and proper charge against the estate, but that it ought to be carried into the administration in Alabama. Clearly, this was wrong. The amount with which the administrator had charged himself in this state, as received from Coleman & Cole, was augmented by this very item. It was proper to adjust it along with the assets of that firm. Besides, all the parties in interest were before the court, and it had full jurisdiction to decree what was equitable between them. If our court rejects the item as properly allowable only in Alabama, and the courts of that state reject it because allowable only in the administration here, the administrator will be mulcted for a large sum that is admittedly a just charge against the estate. Having jurisdiction for some purposes, our court may grant full relief, and it is its duty to do so. *Brooks* v. *Stally,* 3 McLean, 523.

CAMPBELL, C. J., delivered the opinion of the court.

The record does not show when the deposition of the appellant was taken, nor the circumstances, and, so far as we can discover, there was no ground for suppressing it. The motion to suppress states that it was taken October 24, 1891, without legal notice, while the report of the commissioner shows that it was taken at some time in pursuance of the commission opened by him under the decree of the court. It may have been rightly suppressed because of the circumstances under which it was taken, but we cannot say as to this.

The deposition of Troy Cole was not rightly suppressed. He was a competent witness. *Gordon* v. *McEachin,* 57 Miss., 834. His testimony shows satisfactorily that Jones, the administrator, has charged himself, as administrator in this state, with $1,193.85 more than he is chargeable with. The interest of the intestate, Coleman, in the partnership assets of Coleman & Cole constituted Mississippi assets. What

was due to Coleman, the deceased partner, on settlement of partnership matters, was payable by the surviving partner, Cole, to the Mississippi administrator. It was paid to him on a settlement made in Alabama. But, although paid in Alabama, it was to be accounted for in Mississippi, and the administrator is chargeable only with the sum received by him from Cole, as the sum due Coleman of the assets of Coleman & Cole, after adjusting all matters between them as partners.

The statute of limitations, and other statutes invoked, have nothing to do with the case. The only question is, with what sum is the administrator chargeable, by reason of his receipt from Cole of the share of Coleman in the partnership assets of Coleman & Cole?

It seems manifest that he has charged himself with a sum as received on this account which he did not, in fact, receive, and that he is entitled to diminish the debits against him by this much. It seems to us that misunderstanding has resulted from considering the question of paying the $1,193.85 constituting the individual indebtedness of Coleman to Coleman & Cole, whereas, the true question is, how much is the administrator chargeable with, by reason of his receipt from Cole of Coleman's share of the assets of the partnership of Coleman & Cole? To the extent that the administrator, in his account, charged himself with more than he received on settling with Cole, survivor of Coleman & Cole, he should be allowed credit. That this may be ascertained, the decree is

*Reversed, and cause remanded.*