## J. W. HORNE *v.* W. L. NUGENT ET AL.

1. DEED. *Acknowledgment. Sunday.*

   The record of a deed is not invalidated, nor its effect as constructive notice impaired, because the acknowledgment is erroneously dated on Sunday.

2. DELIVERY. *Witness. Code* 1892, § 1740.

   Notwithstanding the death of the grantor in a deed, the testimony of the grantee in his own behalf is admissible to prove the delivery of the instrument as against one claiming under the same grantor by subsequent special warranty deed, a failure of the latter title imposing no liability on the decedent's estate.

3. EXECUTION SALE. *Purchaser. Volunteer.*

   A purchaser at an execution sale is a mere volunteer, and takes only such title as the execution debtor had, and with all of its infirmities.

FROM the chancery court of Harrison county.

HON. W. T. HOUSTON, Chancellor.

J. W. Horne and Charles Humphries filed their bill of complaint against W. L. Nugent and others, averring that the complainants were each the owner of an undivided one-third interest in a large body of land, described, and that defendants owned the remaining one-third interest, but showing further that defendants claimed the whole and denied complainant's rights. The bill sought, primarily, to cancel this claim to the whole as a cloud upon complainants' title to their respective interest, as authorized by § 3101, code 1892, and for partition between the parties.

The deed under which complainants claimed was the subject of litigation in this court in the case of *Saffold* v. *Horne,* 72 Miss., 470, and the question of its validity was again litigated in this cause. The deed is copied in the opinion in that case, page 480, and it was recorded in the record of deeds of the

county before defendants became interested in the land.　Confining this statement to facts not appearing in the report cited, it may be said that it was made to appear in this case that the acknowledgment to the deed was taken on a week day and erroneously dated as if on Sunday; that after the execution of the deed and its record the grantor therein, one Saffold, and a Mr. Henderson, conveyed by special warranty to the Union Investment Company.　It was shown that Henderson had no interest in the land; that he bid the same off at a tax sale by request of Saffold, and paid the bid with money advanced for the purpose by the latter, and held the tax title as Saffold's appointee.　The Union Investment Company negotiated its purchase with Saffold, and was found by the court to have had knowledge of Henderson's relation to the land before its purchase.　A part of the land was sold under execution against the Union Investment Company and was purchased by Nugent, under whom the other defendants held.　The suit was dismissed by Humphreys, but was continued by Horne, whose deposition, taken in the case in his own behalf, was by the court below suppressed on defendants' motion.　Upon final hearing a decree was rendered in favor of the defendants, and Horne appealed.

*J. & J. M. Shelton*, and *Calhoon & Green*, for the appellant.

The deposition of Horne was erroneously suppressed.　Saffold's estate is not involved.　*Love* v. *Stone*, 56 Miss., 449; *Cole* v. *Gardner*, 67 Miss., 670; *Jackson* v. *Smith*, 68 Miss., 53; *Griffin* v. *Lower*, 37 Miss., 458; *Lamar* v. *Williams*, 39 Miss., 342; *Faler* v. *Jordan*, 44 Miss., 283; *Fennell* v. *McGowan*, 58 Miss., 261; *Combs* v. *Black*, 62 Miss., 831.　This court upon proof not as strong as that in this case, even with Horne's deposition suppressed, has held the instrument on which appellant's right is based to be a deed, and not a will, and that it was delivered and accepted.　*Saffold* v. *Horne*, 72 Miss., 470.　The acknowledgment is valid for all purposes.

The certificate of the officer is not that Saffold appeared before the officer on the day of its date; it is simply a certificate that he had previously appeared and acknowledged the execution of the deed. It is not at all necessary to its validity that the acknowledgment should be dated, and if it be erroneously dated, as is abundantly shown by the evidence in the case, it will not be invalidated thereby. Am. & Eng. Enc. L., vol. 1, 153, and authorities cited. When an officer takes an acknowledgment he performs a judicial act, but when he subsequently certifies it he is performing a ministerial and clerical act, which he may perform during his incumbency of the office, if the rights of third persons have not intervened. *Harmon* v. *Magee*, 57 Miss., 410. A ministerial act is valid though performed on Sunday. Am. & Eng. Enc. L., vol. 5, 85, and authorities cited. It would be curious indeed if the rights of parties could be destroyed by the act of an officer taking an acknowledgment bunglingly misstating the date to his certificate so as to throw it on Sunday. The strictest sabbatarian ought not to so contend.

"If a deed be made on Sunday, it is void; but, as it takes effect from delivery, although it be signed and acknowledged on Sunday, if delivered on Monday, it is by law good." Parson's on Contracts, vol. 2, p. 762.

*Love* v. *Wells*, 25 Ind., 503; Beitenman's Appeal, 55 Penn. St., 183; *Flanagan* v. *Meyer*, 41 Ala., 132; *Luens* v. *Larkin*, 1 Pickle (Tenn.), 355: No inference that the deed was delivered on Sunday can be drawn from the date or language of the acknowledgment.

That the sale of the land for taxes, and its purchase by Henderson, under the facts of this case, were invalid, cannot be denied. *Cohea* v. *Hemingway*, 71 Miss., 22. The Union Investment Company is abundantly charged with notice, and cannot pose as an innocent purchaser from Henderson.

Horne is not estopped to claim title, even if he stood by and saw the sale from Saffold and Henderson to the Union Invest-

ment Company and remained silent.   His title was of record and he was under no sort of obligation, legal or equitable, to interpose.   *Murphy* v. *Jackson*, 69 Miss., 403; *Sulphine* v. *Dunbar*, 55 Miss., 255; *Love* v. *Stone*, 56 Miss., 449; *Staton* v. *Bryant*, 55 Miss., 261.

Under the facts it would have been indelicate and impertinent for Horne to have interfered in the private negotiations of the parties, which were not directed to him, and but little of which he could have heard.   A purchaser at execution sale is a mere volunteer, and Nugent and those holding under him are not innocent purchasers.   *Kelly* v. *Mills*, 41 Miss., 267, and numerous other cases in our books.

*W. L. Nugent, in propria persona.*

The force and effect of the conveyance from Saffold to Horne and Humphries has been adjudicated by this court, but the issues involved here have never been adjudicated.   The appellant was present when the sale from Saffold to the Union Investment Company was made, knew all about it, made no objection to it, and actually participated in the inception of the transaction.   On these grounds the trial court adjudged against him, and properly decreed a dismissal of his bill.   *Staton* v. *Bryant*, 55 Miss., 261; *Railroad Co.* v. *Ragsdale*, 54 Miss., 200; *Tilton* v. *Nelson*, 27 Barb., 595; *Morris* v. *Moore*, 11 Hum., 433; *Luens* v. *Parks*, 84 Mich., 202; *Gray* v. *Crockett*, 35 Kan., 686; *Sumner* v. *Sexton*, 47 N. J. Eq., 103.

The conveyance under which the appellant asserts title was acknowledged on Sunday, and its registration was unwarranted. Registration of an instrument without a precedent valid acknowledgment is no registration at all, and does not communicate constructive notice.

The Union Investment Company, under its conveyance from Saffold, took full title to the lands, and this title was conveyed to appellee by the sheriff.   The judgment recovered against that company fixed a lien on the land, and the levy of the exe-

cution upon it and the sale fixed the rights of appellee beyond controversy. *Dixon* v. *Cook*, 47 Miss., 220; *Bass* v. *Estell*, 50 Miss., 300; *Wasson* v. *Connor*, 54 Miss., 351; *Duke* v. *Clark*, 58 Miss., 465; *Mississippi Valley Co.* v. *Railroad Co.*, 58 Miss., 846; *Nugent* v. *Priebatsch*, 61 Miss., 402.

The tax title to Henderson, under the facts of this case, invested title and cut off complainants' claim to the land. The averments of the bill in assailment of the tax title are not maintained as against the subsequent purchasers by the proof. The investment company had no knowledge of its infirmities.

Even according to the testimony of Horne and Humphries, the deed from Saffold to them was never intended as a grant *in presenti*, and was never accepted as such. It is apparent that appellant knows he is pressing an unconscionable suit, and that only because he thinks he has a technical advantage; but, in a court of equity, this will not be allowed, except, perhaps, in a case free from laches or fraud. The deed remained in Saffold's possession until his death. Saffold remained in possession, and this, too, under an agreement that he should have the right to do so. Title was not asserted by appellant for twenty years after the deed was made, and until after Saffold died. *Parmelee* v. *Simpson*, 5 Wall., 86; *Jackson* v. *Cleveland*, 15 Mich., 101; *Miller* v. *Gore*, 20 Pick., 28; *Hawks* v. *Pike*, 105 Mass., 560; *Maynard* v. *Maynard*, 10 Mass., 456; *Jackson* v. *Phipps*, 12 John., 418; *Younge* v. *Guilbeau*, 3 Wall., 641; *Dikes* v. *Miller*, 24 Texas, 423; *Tompkins* v. *Wheeler*, 16 Pet., 119; *Denny Bank* v. *Webster*, 44 N. H., 268; *Cole* v. *Gill*, 14 Iowa, 529.

Argued orally by *J. M. Shelton*, for appellant, and by *W. L. Nugent*, *in propria persona*.

WOODS, J., delivered the opinion of the court.

1. That there was due execution of a deed from Saffold to Horne and Humphries, and that there was delivery of the

same, has already been determined by us. *Saffold* v. *Horne,* 72 Miss. With the additional evidence found in the transcript of the present appeal (including that of Horne, improperly excluded below), the due execution and delivery of the conveyance is brought out in clearer light.

2. That this conveyance was the proper subject of recordation is clear. It is certain that the acknowledgment to the deed was not taken on Sunday, though, by a mere clerical mistake such appears to be the fact.

3. That after 1874, when the deed was put to record, every one had constructive notice of the title of Horne and Humphries, and was bound thereby, unless relieved in some way thereafter, is not denied.

4. That Saffold permitted the lands to be sold for nonpayment of taxes for the purpose of re-acquiring title to the same, with all clouds removed by a sale to one selected by him for that purpose, and a reconveyance after the expiration of the period of redemption, is fully and clearly shown by the evidence of Judge Henderson, as is Henderson's connection with that transaction. Henderson was the mere conduit through which Saffold sought to have his title to an undivided one-third interest in the lands flow back after a tax sale, freed from all defects and doubts, whereby he would be vested with the fee to the entire body of lands. No one can doubt Saffold's purpose or his attempt to carry it out through Henderson.

5. That the Union Investment Company had actual notice of this scheme of Saffold, and of Henderson's want of, and disclaimer to, any interest in the lands, at and before its acquisition of title in July, 1887, not only satisfactorily appears in the deposition of Henderson, but is proclaimed with myriad voices by the entire transaction, begun in February and ended only in July, in which and everywhere Saffold is treated as the real owner, and Henderson as in such attitude as to the lands as not to require any participation, on his part, in any negotiations leading to the sale. And when the sale occurred, as in

every instance preceding it, Saffold was treated as the owner. The $500 cash was paid to Saffold; the $1,800 bank check was made payable to Saffold, and given to him, and the certificate showing that the railroad company was to issue its stock to the amount of about $7,000 was made out in Saffold's name, and delivered to him. According to Judge Henderson (and his evidence is not at all disputed here), he only united finally in the deed with Saffold to the railroad company because of Saffold's request, in which the representative of the investment company united, as he (Henderson) thinks. No impartial man can arise from a full study of this whole record without an abiding conviction that the investment company had full notice of Henderson's connection with the lands and his want of interest in them, and that the company knew exactly what it was doing and what Saffold had done. The company had notice of the title of Horne and Humphries by the record of their deed, and, to our minds, it is clear that the company had actual notice of Henderson's connection with the lands and his want of any beneficial interest in them. The foundation stones of the company's title being thus torn up, that of purchasers at execution sales claiming thereunder, must be uprooted also. Such purchasers are volunteers, and take only such title as the execution debtor had, and with all its infirmities.

We have already said that the deposition of Horne was improperly excluded on the hearing below, and we restore it, on examination by us of the case. Saffold's estate is no party to this litigation, and can in no way be affected by it. By his deed to the company, he guardedly warranted specially only. With Horne's deposition restored, there remains no pretense for the assertion of the doctrine of estoppel against him. He neither knew of nor participated in the sale from Saffold to the investment company. In his deposition, he says he first knew that Saffold had sold some lands to the company after the transaction had been completed, and after he and Saffold had left Mississippi City, the place where the sale was effected, and, in

the absence of any and all evidence in conflict with this, his statement must be taken as true.

We do not concur in opinion with the learned court below in the deduction which it drew from the presentation of exhibit to cross-interrogatory 12, in the deposition of Captain Hardy, nor do we attach that importance to the possession of this exhibit by the solicitor of Horne which the court below did. If, however, it was of that importance, on the showing made, the court should have reopened the case, that Horne might have been examined as to his possession of the paper.

*Reversed and remanded.*