| 79 | 569 |
|----|-----|
| s83 | 390 |

</div>

CLAUDE COCKRELL *v.* MARTHA E. COCKRELL ET AL.

1. LIFE INSURANCE. *Change of beneficiary. Fraud. Contract for benefit of third person. Suits on. Equitable assignment.*

   Where a wife, the beneficiary in an insurance policy on the life of her husband, obtained a divorce, retaining the policy and paying the premiums thereon, was afterwards induced by the former husband to surrender the policy so as to have a new one issued naming their child as the beneficiary, and to sign the necessary application to the insurance company to effect the change, and the former husband fraudulently and deceitfully so framed the application as to procure the new policy to be made payable to himself, which he retained, and died, leaving a will bequeathing the proceeds to his mother, the child can maintain a suit in equity, before the payment of the policy, against the insurance company and his father's mother, the legatee, to have the insurance money due adjudged to him.

2. INFANT. *Next friend. Parties. Estoppel.*

   If a suit be brought by an infant, suing by his next friend, it is not cause of demurrer that the next friend is not individually a party to the suit, since the next friend is estopped thereafter from asserting any right to the subject-matter of the suit adverse to any of the parties.

From the chancery court of Leflore county.

HON. A. McKIMBROUGH, Chancellor.

Claude Cockrell, appellant, was the complainant in the court below; the appellees were defendants there.

Suit was begun in this cause, by bill in chancery, by Claude Cockrell, a minor, by his mother, Mary V. Cockrell, as his next friend, against Martha E. Cockrell and the Mutual Reserve Fund Life Association, to recover of said association $1,000—the amount named in a policy issued by said company upon the life of William M. Cockrell, the father of Claude Cockrell, and in which policy Mary V. Cockrell, the mother of Claude, was the beneficiary first named. The bill set out the following state of facts: In August, 1893, the Mutual Reserve Fund Life Association issued to William M. Cockrell, the husband of Mary V. Cockrell, and the father of appellant, a policy of insurance in the sum of $1,000. That all things were done by the applicant as required by the company. That Mary V. Cockrell, the wife of William M. Cockrell, was made the beneficiary in the policy when it was issued by the company, and that said Mary V. Cockrell kept the premiums paid up until 1900, paying them out of her own money. That in 1899, upon the application of Mary V. Cockrell, a divorce was granted her from William M. Cockrell, but that she retained possession of the policy of insurance until the spring of 1900, when William M. Cockrell persuaded her to surrender same, fraudulently promising and giving as his reason for his desire to get the policy that he desired to have it changed and made payable to Claude Cockrell, the appellant, who was the only child of their marriage. That William M. Cockrell then, in pursuance of his fraudulent intent, procured from some one the proper form of an application to change the beneficiary in a policy of insurance, brought it to her, either having it filled out or filling out the blanks afterwards, and told her that it was the application to have Claude made the beneficiary in the policy. That she signed

the release of her right as beneficiary, and application for the change of beneficiary, without reading same, thinking all the time that Claude's name was inserted therein, and relying upon the fraudulent promises of William M. Cockrell, not thinking that he would perpetrate a fraud upon her and her child. That the policy was sent to the company, together with the application, and the change was made, but, instead of William M. Cockrell having inserted Claude's name therein as the one to whom the policy should be made payable, he had, without the consent or knowledge of Claude or his mother, inserted his own name therein as the one to whom the policy should be made payable. That in August, a few months after the above-mentioned transaction, William M. Cockrell died, and attempted to leave the proceeds of said policy to his mother, Martha E. Cockrell, one of the appellees here. That it then for the first time came to the knowledge of Claude and Mary V. Cockrell that William M. Cockrell had not carried out his promise as aforesaid, but had perpetrated this fraud upon Claude. The prayer of the bill was that the company be compelled to pay the proceeds of said policy to Claude, just as if William M. Cockrell had carried out his agreement with Mary V. Cockrell, and had Claude's name inserted in the policy as the beneficiary to whom the proceeds should be paid, and, if mistaken in this, that the company be required to pay the proceeds of said policy into court, to await the determination of the suit between appellant and Martha E. Cockrell, and that the policy be reformed so as to be made payable to Claude Cockrell, as intended by Mary V. Cockrell in her agreement with William M. Cockrell, who had by his fraudulent promises obtained the policy, and the release of the said Mary V. Cockrell of her right as beneficiary therein, and fraudulently inserted his own name, instead of the name of Claude Cockrell, as the one to whom the proceeds should be made payable. To complainant's bill the defendants demurred. The demurrer was sustained by the court below, and complainant appealed to the supreme court.

*C. L. Lomax* and *Rush & Gardner,* for appellant.

The beneficiary in a life insurance policy has a vested right to the proceeds thereof as soon as the policy is issued. *Bank* v. *Williams,* 77 Miss., 398. Consideration is any detriment or loss suffered by a party. Lawson on Contracts, 92. When Mrs. Cockrell, the mother of complainant, surrendered her right as beneficiary, she furnished a consideration for William M. Cockhells's promise to transfer to Claude; William M. Cockrell procured a surrender of the policy to him by a shameful fraud. The transaction between the parties was a valid equitable issuance of the insurance policy to Claude, and he acquired thereby a right to sue for the insurance money. *Tatum* v. *Balland,* 4 Decisions in Equity, 402. It is well settled that the rights of equitable assignees will be protected. *Pass* v. *McRae,* 36 Miss., 149. When William M. Cockrell obtained as he did the insurance policy, he held it in trust for Claude's benefit, and upon breach of the trust Claude had the perfect right to follow the property and to subject it to his demand so long as it had not reached a *bona fide* purchaser. *McLeod* v. *Bank,* 42 Miss., 113. Martha E. Cockrell, who claims under the deed of William M. Cockrell, is not a *bona fide* purchaser. It is also well settled that a third person may maintain suit on a promise made for his benefit, although he were not cognizant of the contract so made. *Sweatman* v. *Parker,* 49 Miss., 30; and this is the well-established American rule. While the bill avers that Claude's mother did not read the papers which she signed, believing them to be an application to the insurance company to have Claude's name substituted as beneficiary in the policy, yet William M. Cockrell, who perpetrated a fraud upon her, cannot defend on the ground that the innocent party ought not to have trusted him as she did. *Mayfield* v. *Schwartz,* 10 L. R. A., 606, and notes; *Mackey* v. *Peterson,* 29 Minn., 298; *Cole* v. *Williams,* 12 Neb., 440.

Mary V. Cockrell is not a necessary party to the bill in her individual right. She would forever be estopped, being the

was a valuable right, not to be destroyed without her consent— next friend of her infant child, to claim anything as against the decree which may be rendered in this case.

The insurance company cannot complain on the ground that no application was made to it to have Claude's name inserted as beneficiary in the policy. It cannot complain if the court shall adjudge that it pay the money to Claude, if, by the same decree so directing, it be relieved from liability to Martha E. Cockrell, the only other complainant.

*S. R. Coleman,* for appellee.

Mary V. Cockrell is a necessary party to the suit, as the promise upon which complainant's bill is rocked was made by her and not by the complainant, and she alone can complain of its breach. 6 Am. & Eng. Ency. Law (1st ed.), 731; 17 Ib., 529; 1 Daniels Chancery Pleading and Practice, 190; 1 Pomeroy's Eq., secs. 113, 114. As to Claude, the complainant, the matters detailed in his bill cannot amount to more than wrong without injury. Weeks' Damnum Absque Injuria, sec 144. The signing of the writings without reading them does not give ground for the complaint made. May on Insurance, sec. 566; Ib., 1333.

TERRAL, J., delivered the opinion of the court.

The demurrer to complainant's bill should, we think, have been overruled. The contract of Mrs. Mary V. Cockrell with her late husband, William M. Cockrell, to have the policy of insurance upon his life so changed as to substitute their son, Claude Cockrell, as beneficiary therein in place of Mary V. Cockrell, and the release by her of her right in the policy for that purpose, was a valid and binding contract for that purpose, good both in law and in equity, and for breach of which there was a remedy in either court at her election. On account of the insolvency of William M. Cockrell, the legal remedy would have been unfruitful, but the right in equity is clear and efficacious. The right of Mrs. Mary V. Cockrell in the policy payable to her

was a valuable right, not to be destroyed without her consent,— a chose in action which by the agreement between William M. and Mary V. Cockrell was contracted to be assigned to Claude Cockrell; and, upon the execution of the contract upon the part of Mrs. Mary V. Cockrell, by the release of her interest therein, Claude Cockrell acquired a clear equitable right to have a performance of the contract upon the part of William M. Cockrell in his behalf. The nonperformance of the contract by William M. Cockrell was a plain breach of duty, and his effort to make the policy payable to his legal representative was a palpable and positive fraud upon the rights of complainant in this bill. By his effort to defeat the right and interest contracted to be vested in Claude Cockrell under his agreement with Mary V. Cockrell, and in making the substituted policy payable to himself or his personal representatives, William M. Cockrell became a trustee *ex maleficio;* and Mrs. Martha E. Cockrell, his legatee under his will, and a mere volunteer, also takes the policy as a trustee *ex maleficio.*

Mrs. Mary V. Cockrell is a party to this bill, as the next friend of Claude Cockrell, and it is immaterial, we think, that she should be described as a party in her individual capacity, for she must be estopped hereafter from asserting any right adverse to any of the parties to this suit. Her release of her interest in the policy under the agreement with William M. Cockrell, in order that the policy should be made payable to Claude Cockrell, was a good equitable assignment of her interest in the proceeds of the policy. Story, Eq. Jur., sec. 1047. It is a principle of equity jurisprudence that equity regards and treats that as done which in good conscience ought to be done. And the valuable right of Mrs. Mary V. Cockrell, which she contracted with William M. Cockrell to be assigned to Claude Cockrell, became, upon the execution of the release by her, a clear and distinct interest and right in Claude Cockrell, which the spirit of the maxim quoted secures to him under said agreement.

*Demurrers overruled, and defendants have thirty days to make answer.*