MARTHA E. COCKRELL ET AL. *v.* CLAUDE COCKRELL.

1. ESTATE OF DECEDENT. *Witness. Competency. Code* 1892, § 1740. *Equitable assignment. Specific enforcement.*

   The original beneficiary of a life insurance policy is a competent witness in a suit against the estate of the insured to prove acts, occurring in his lifetime, which effected an equitable assignment of the policy in favor of a third person to whom the witness had consented it might be made payable, although by the fraudulent acts of the insured it had been made payable to his legal representatives.

2. SAME.

   In such case the witness does not establish his own but the assignee's claim and hence is not incompetent, under Code 1892, § 1740, providing that a person shall not testify as a witness to establish his own claim or defense against the estate of a deceased person which originated during the lifetime of such deceased person.

FROM the chancery court of Leflore county.

HON. CAREY C. MOODY, Chancellor.

Claude Cockrell, the appellant, was complainant in the court below, and Martha E. Cockrell and others were defendants there. From a decree largely in favor of the complainant, defendants appealed to the supreme court, and the complainant prosecuted a cross appeal from that part of the decree in defendant's favor.

The facts are fully stated in the report of this case when it was heretofore in the supreme court. See *Cockrell v. Cockrell,* 79 Miss., 568. Suffice it to say here that the purpose of the bill was to have it adjudged that Claude Cockrell was an equitable assignee of a policy of life insurance on the life of William M. Cockrell, his father. The insurance policy was originally payable to Mary V. Cockrell, wife of William M.

Cockrell, and the mother of the complainant, Claude. Claude's father and mother were divorced, and after the divorce the mother, being the owner of the insurance policy on the life of her divorced husband, the husband applied to her for the possession of the policy and obtained the same on the promise that he would have the insurance company change the beneficiary and have the policy made payable to Claude. The mother surrendered the policy upon the faith of the promise that the policy would be so changed, and she was fraudulently induced to sign an application to the insurance company for the change, believing that the application asked that the policy should be made payable to her son Claude, but in truth the application which she was fraudulently induced to sign asked the company to make the policy payable to the legal representatives of the insured. The father, after obtaining possession of the policy, caused it, by the use of the fraudulent application, to be made payable to his legal representatives, and by his will devised the policy to his mother, appellant, Martha E. Cockrell. It was shown in evidence that Martha E. Cockrell advanced the sums of money mentioned in the opinion to her son, Claude's father, on the faith of the execution of the will, and she looked to the will for reimbursement. When the case was in the supreme court the first time, 79 Miss., 568, it was adjudged that the facts, stated in the bill of complaint herein, constituted an equitable assignment of the policy to Claude. Other facts are stated in the opinion of the court.

*McWillie & Thompson* and *S. R. Coleman,* for appellants and cross appellees.

We propound the proposition, that under the facts of this case Mrs. Mary V. Cockrell was not a competent witness, and if we maintain this proposition manifestly the decree appealed from should be reversed. Was Mrs. Mary V. Cockrell a competent witness? Our statute, § 1740, Code 1892, provides that a person shall not testify as a witness to establish his own

claim or defense against the estate of a deceased person which originated during the lifetime of the decedent. On this statute we ask the court to adjudge that Mrs. Mary V. Cockrell's deposition was incompetent testimony. It is true, the statute adds, that "a person shall not testify as a witness to establish any claim he had transferred since the death of such decedent," and this court, in the case of *Fewell* v. *Fewell*, 64 Miss., 635, adjudged that if the assignment be made before the death of the decedent, the assignor is a competent witness. We insist in this case that there was no assignment of the cause of action by Mary V. Cockrell, certainly none during the lifetime of her husband, against whose estate the claim is now propounded, and in fact there was no assignment of the cause of action sued upon until it culminated in the decree appealed from.

*The very object of the suit was to establish an assignment.* The suit proceeds upon the idea that the legal title to the policy of insurance was in the appellant under the will of William M. Cockrell. The policy, as changed, was payable to the administrator of William M. Cockrell. By the will of William M. Cockrell, it was devised to the appellant. When was an assignment made? It was never made. *The object of the suit is to have it made.* It will not do to invoke the equitable rule which regards as done that which ought to have been done, so as to take the witness, Mary V. Cockrell, out of the condemnation as a witness found in the statute, § 1740, Code 1892. The doctrine that the assignor of a cause of action, where the assignment was made before the death of the decedent, is competent cannot be stretched so as to make a person competent when the question is whether such person ever made an assignment. To so hold would be to make a witness' competency depend upon what he swore. Suppose Mary V. Cockrell was antagonistic to the rights of Claude; suppose the suit had been brought by some other person as the next friend of Caude, and that Mary V. Cockrell was a defendant in the suit, and suppose her interest would be promoted by holding that there

had never been an assignment from her, and suppose she was asserting a claim against the estate of her deceased husband, predicated of the fact that she had never made an assignment, would she clearly not be incompetent to testify as against the estate of her deceased husband?

This is a suit against the estate of the deceased William M. Cockrell. Whether Claude has any claim against the estate or not depends upon whether there was an assignment by his mother to him equitably or otherwise. If there was no assignment, his mother, Mary V. Cockrell, could not testify in the case. If she could not testify in the absence of the assignment, she cannot testify *where the very point in the suit is whether or not she ever made an assignment.* It will not do to adjudge that she was competent if her competency depends upon what she swears; but that is exactly what has to be done in this case in order to adjudge the woman a competent witness.

If there was no equitable assignment in Cockrell's lifetime, the woman is certainly an incompetent witness to establish the claim even if she assigned after Cockrell's death. Can her competency depend upon what she swears touching the very matter in dispute? Certainly not, and yet to hold her competent you must do this very thing.

Of course, even at common law, where interest disqualified, a witness could be examined collaterally to determine whether he were or were not competent, an examination for the guidance of the court but not for the jury. But it was never permissible to receive the evidence of a witness, whose competency was challenged, touching the very issue to be tried, until his competency was determined, and competency could not be determined by what the witness swore touching the main issue in the case.

It will not do to assume the very point in issue in order to adjudge a witness competent. This you must do in order to support Mrs. Cockrell's deposition, and you must assume the assignment only on her testimony. The chancellor erred in so doing.

It is no answer to say that our objection to the witness assumes that no assignment was made in Cockrell's lifetime, the point in issue, because the burden of proof is on the appellant. Under the pleadings, the *prima facie* case is with us and we may stand upon it until it is overthrown by the testimony of competent witnesses.

*Lomax & Tyson,* for appellee and cross-appellee.

As to the right of Mary V. Cockrell to testify in this case, that is settled by the opinion of the court in 79 Miss., 569, when this case was before it; the court said she was not a necessary party to the suit, and as she is not a party to the suit, not trying to establish her own claim against the estate of the deceased, her testimony is certainly admissible to prove Claude's claim. The mother can testify to sustain the claim of her child against the estate of a deceased person. 85 Pa., 353; 151 Pa., 294.

*McClurg & Gardner,* on same side.

The chancellor erred in allowing Mrs. Martha E. Cockrell the amount of her open account against her son William M. Cockrell, for small sums of money advanced him at different times and for sundry purposes. His error grew out of a misconstruction of Judge Terral's language in the former decision of this case, 79 Miss., 569, where he said that Mrs. Martha E. Cockrell was a "mere volunteer," meaning, thought the chancellor, to say that, if she was not "a mere volunteer" that she had an equitable interest to the amount of her advances. The chancellor was mistaken, because the record does not support the claim that these small sums were advanced upon the faith or in consideration of the promise to make the will.

CALHOON, J., delivered the opinion of the court.

When this case was in this court before, *Cockrell* v. *Cockrell,*

79 Miss., 569, we reversed a decree below which sustained a demurrer to the bill, and it is now here again, this time on appeal and cross appeal from final decree on the merits. The contest is over the right to the proceeds of a policy of life insurance.

Claude Cockrell, who is a minor, charges in the bill that from 1893 to the date of his death, his father, William M. Cockrell, was the holder of a policy of insurance on his life in the sum of $1,000, in which policy Mary V. Cockrell, the mother of Claude, was beneficiary, and that she had the policy in possession and kept the premiums paid on it until the year 1900. That in 1899 his mother obtained a divorce from his father, after which she still retained possession of the policy until the spring of the year 1900, when her former husband, William M. Cockrell, persuaded her to give him possession of it, giving as his reason his wish to have possession of it in order to have it changed so as to be made payable to Claude, who was the only child of the marriage, and that this was a mere fraudulent pretense, used to deceive Mary V. Cockrell, and in order to defraud her and Claude. That this fraudulent pretense induced her to part with the possession of the policy and to sign the release of her right as beneficary, which she did at the instance of William M. Cockrell, without reading the release, and under the belief that Claude's name was in it, not thinking the man would perpetrate a fraud upon her and his own child.

But that in fact, William M. Cockrell, in pursuance of his fraudulent purpose, had inserted his own name in the release and the policy as beneficiary instead of the child's. That a few months thereafter, William M. Cockrell died, having attempted to bequeath the proceeds of the policy to his mother, Martha E. Cockrell, the appellee in this case, and that then, for the first time, did Mary V. Cockrell and her son Claude have any knowledge that William M. Cockrell had not car-

ried out his promise, but had perpetrated this fraud upon
Claude. The prayer of the bill is that the life insurance com-
pany be required to pay the proceeds of the policy to Claude
just as if William M. Cockrell had carried out his agree-
ment with Mary V. Cockrell, and just as if Claude's name
had been inserted in the policy as beneficiary, as it should have
been.

Mrs. Martha E. Cockrell, the mother of William M. Cock-
rell, in her answer denies that he fraudulently procured pos-
session of the policy as charged, sets up her ownership of it
and its proceeds in virtue of his will specifically bequeathing
it to her, and avers by way of cross bill that she was not a
mere volunteer, but entitled, independently of the will, because
of money she advanced him at various times, and that he had
"placed said policy in her hands and made his will transferring
said policy to her, said policy having been given over to her at
the time said will was executed," when she had no knowledge
of the pretended equitabe assignment.

The court decreed that the change in the name of the bene-
ficiary was a fraud, and that the proceeds of the policy should
be paid to Claude, except the sum of $107.85, which is the ag-
gregate of the several sums advanced by Mrs. Martha E. Cock-
rell to William M. Cockrell, and that much of the proceeds was
decreed to her on cross appeal. This latter part of the decree we
decline to disturb on the facts. Whether the former part of it
shall be affirmed or reversed, depends on the sole question
whether Mrs. Martha E. Cockrell was a competent witness to es-
tablish the alleged equitable assignment made *in the lifetime of*
William M. Cockrell.

We concur with the chancellor in the opinion that she was
a competent witness under § 1740 of the code and the numerous
cases construing it. In the matter of any claim by Mrs. Martha
E. Cockrell, the mother, under the will, to occupy the posi-
tion of an innocent purchaser for value, we say, under the
decision of the chancellor on the facts, that she is a mere volun-

teer, as she was held to be, on the face of the bill in 79 Miss., 569. In relation to her claim for money advanced by her to her son, she is in a different category on the evidence.

*Affirmed on appeal and cross-appeal at the costs of appellant.*