SHEPHERD *et ux. v.* JOHNSTON.

(In Banc.  Jan. 13, 1947.  Suggestion of Error Overruled Feb. 10, 1947.)

[28 So. (2d) 661.  No. 36262.]

Creekmore & Creekmore, of Jackson, and **Brunini, Brunini, & Everett**, of Vicksburg, for appellants.

Lamar F. Easterling, of Jackson, and **John H. Culkin** and **James D. Thames**, both of Vicksburg, for appellee.

Argued orally by **Rufus Creekmore**, for appellants, and by **James D. Thames**, for appellee

**McGehee, J.**, delivered the opinion of the court.

The claim of ownership on the part of the appellants, J. H. Shepherd and wife, to a one-half undivided fee-simple interest in the 1935 acres of land involved herein, the legal title to which is held by the appellee, Mrs. Mattie H. Johnston, is predicated upon an alleged resulting trust arising by operation of law under the following circumstances, to-wit:

That on, and prior to, January 29, 1935, the appellant, J. H. Shepherd, was in possession of the said land under a lease contract, and shortly before the lease expired he was offered the opportunity to purchase the same for $4,200 from the then owners, Mrs. Mary Richardson and others; that not having the money with which to finance the purchase, he undertook to borrow the same from Dr. S. W. Johnston, husband of the appellee; that as a result of his efforts in that behalf an agreement was finally reached whereby Dr. Johnston was to advance the amount necessary to handle the transaction, and they were each to acquire a one-half undivided interest therein; that it was therefore agreed that Dr. Johnston would make a loan of $2,100 to Mr. and Mrs. Shepherd with which to purchase their said one-half interest, and with the understanding that the deed of conveyance from Mrs. Mary Richardson and others should be executed in favor of the appellee, Mrs. Mattie H. Johnston, in order that the title might be held by her in trust, and as security for the loan, until the Shepherds should fully repay the same; and that thereupon a deed would be executed by Mrs.

Johnston in favor of the Shepherds for their one-half undivided fee-simple interest in the land.

That the loan of $2,100 was charged against the Shepherds on the books of Dr. Johnston, and was fully repaid prior to the end of the year 1938, out of the part of the profits belonging to the Shepherds, which were derived from the operation of the land by them during the intervening years.

The suit to establish this alleged resulting trust is brought against Mrs. Mattie H. Johnston as sole defendant, and is based upon her refusal to convey to the complainants, Mr. and Mrs. Shepherd, the one-half undivided fee-simple interest aforesaid.

Dr. Johnston had died prior to the filing of the suit, and a motion was made at the hearing, containing all necessary and proper averments, and otherwise meeting all legal requirements whereby the complainants asked for an inspection and copy of the books and records kept by Dr. Johnston in his lifetime pertaining to the purchase and operation of the land in question. It is alleged in the motion that the said books and records contain data showing that such $2,100 loan had been made, and also that the same had been fully repaid. The inspection was asked to be allowed at the office of the Chancery Clerk, and subject to such terms and conditions as the court might deem proper. This motion was overruled, and the action of the trial court in that behalf is one of the grounds assigned as error on this appeal.

Under section 1659, Code 1942, Griffith's Chancery Practice, section 542, and the cases of Equitable Life Assurance Society v. Clark, 80 Miss. 471, 31 So. 964; Robertson v. Greenwood Lbr. Co., 127 Miss. 793, 90 So. 487, and Knox v. L. N. Dantzler Lbr. Co., 148 Miss. 834, 114 So. 873, the complainants were entitled to the inspection, as requested, and it was reversible error, under the rule announced in the foregoing decisions, to have overruled the motion in that behalf.

At the trial the complainants offered to testify as to the alleged agreement between themselves and Dr. Johnston for the purchase of the land, and as to the repayment of the purchase price for their one-half interest therein on the basis hereinbefore set forth. An objection was sustained to such testimony when offered, for the reason that it was deemed by the court to be in support of their claim against the estate of the said Dr. Johnston, a deceased person. But we are of the opinion that the court was in error in excluding this testimony, since neither the estate of Dr. Johnston nor any of his heirs at law, other than his wife, were parties to this suit. They could not, therefore, be bound by any decree that may have been predicated upon this testimony in the present suit. The trial court held that they were not necessary parties to the instant suit, and there is no cross appeal from that action in overruling a demurrer which raised the question of non-joinder of necessary parties.

Since the defendant, Mrs. Mattie H. Johnston, had expressly denied in her answer that Dr. Johnston's estate has any interest in the land in controversy, and she contended both in her answer and in her testimony as a witness at the trial that she purchased that land in her own right, and is now the sole owner of the fee-simple title thereto, it will be readily seen that the proffered testimony would tend to establish the claim of the complainants against her, and to show that she is holding the title under a resulting trust, as aforesaid, instead of in her own right, as contended by her.

Therefore, as between the complainants and the said defendant, their testimony would tend to establish an equitable interest in one-half undivided interest in the land in favor of the estate of Dr. Johnston, rather than to defeat the right of the estate thereto. That is to say, the result of excluding this testimony would be to uphold the claim of the defendant as owner of the fee-simple title to all of the land in her own right.

Section 1690, Code 1942, prohibiting a person from testifying as a witness to establish his own claim against the estate of a deceased person, created an exception to the general rule as to the competency of a witness; and being an exception, it must be strictly construed in favor of the competency of the witness. The exception must come within both the letter and spirit of the statute. The previous decisions of this Court are to the effect that the testimony should be in support of a direct claim of the witness against the estate of the deceased person, as distinguished from an indirect or consequential claim against the estate, in order to render it incompetent. Faler v. Jordan, 44 Miss. 283; Love v. Stone, 56 Miss. 449; Fennell v. Mc-Gowan, 58 Miss. 261; Combs v. Black, 62 Miss. 831; Cole v. Gardner, 67 Miss. 670, 7 So. 500; Jones v. Warren, 70 Miss. 227, 14 So. 25; Jones v. Bank, 71 Miss. 1023, 16 So. 344; Horne v. Nugent, 74 Miss. 102, 20 So. 159; Cock v. Abernathy, 77 Miss. 872, 28 So. 18; Cockrell v. Cockrell, 83 Miss. 385, 36 So. 390; Garner v. Townes, 134 Miss. 791, 802, 100 So. 20; Davis v. Crawford, 175 Miss. 493, 168 So. 261; Security Mutual Life Ins. Co. v. Brunson, 176 Miss. 893, 170 So. 824; McFarlane v. Plant, 185 Miss. 616, 188 So. 530.

Without reviewing in detail the holdings of the foregoing decisions, it is sufficient to call particular attention to the holding in the cases of Love v. Stone, Fennell v. Mc-Gowan, and Garner v. Townes, supra, which declare the rule to be that in order to effect a disqualification of an interested witness, the estate of the decedent must be directly affected by the pending suit.

It is finally contended by the appellee that the suit is not maintainable for the reason (1) that it is an effort to enforce an oral contract for the purchase of land contrary to the Statute of Frauds, sections 264 and 269, Code of 1942; and (2) that the suit is barred by the 10 year statute of limitations, section 709, Code 1942, as an action to recover land.

The answer to the first contention above stated is that the suit is not predicated directly upon the alleged oral

contract between the complainants and Dr. Johnston, but is predicated upon the alleged resultng trust under which the appellee, wife of Dr. Johnston, acquired the legal title, and section 269, Code 1942, supra, expressly provides that, ''Where any trust shall arise or result, by implication of law, out of a conveyance of land, such trust or confidence shall be of the like force and effect the same as if it would have been if this statute (the Statute of Frauds) had not been passed.'' And the answer to the second contention is that the right to bring the suit did not accrue under the alleged agreement for the purchase of the land until the complainants had fully paid in 1938 their one-half of the purchase price which they had formerly borrowed from Dr. Johnston, and until the alleged trustee had first failed and refused to execute to the complainants the deed of conveyance in accordance with such alleged agreement.

From the foregoing views it follows that the action of the trial court in overruling the motion for an inspection of the books and records referred to, and in excluding the testimony of the complainants in regard to the alleged agreement between themselves and Dr. Johnston, and in dismissing the bill of complaint on failure to offer further proof, must be reversed.

Reversed and remanded.

**Sydney Smith, C. J.,** did not participate in this decision.