WELLS, Plaintiff and Appellant, v. HARTER and WIFE, Defendants and Respondents.

No. 6098; January 13, 1879.

Homestead—Mortgage—Extension of Time of Payment.—Where husband and wife declare a homestead on mortgaged premises, an agreement by the payee of the secured note with the husband alone to extend the time of payment will not keep the mortgage on foot as against the homestead. That can be accomplished only by an instrument executed by both husband and wife.

APPEAL from Fifteenth District Court, San Francisco County.

E. A. Lawrence for plaintiff; A. W. Thompson for respondent.

Suit to foreclose a mortgage. The complaint sets out that the plaintiff, being the owner and in possession of the mortgaged premises, sold them to defendant, B. Harter, for two thousand dollars—half cash and half by note and mortgage, dated May, 1869, payable in twelve months, with interest; that the interest was regularly paid to 1874; that in 1875, by an indorsement on the note, it was extended to 1876.

The wife of defendant, in her answer, pleads the filing of a homestead by herself and husband on November 8, 1875, nine months after the new contract, and then the statute of limitations.

Judgment for plaintiffs against the defendant, B. Harter, for the amount of the note only, the court refusing to foreclose the mortgage, and giving judgment in favor of the wife of defendant.

RHODES, J.—Subsequent to the execution of the mortgage, the defendants, Harter and his wife, filed a declaration of homestead on the mortgaged premises. More than four years after the maturity of the note, Harter, the maker thereof, and the plaintiff, the payee, extended the time of the payment of the note for one year. That agreement, even if it would have kept the mortgage on foot, as against the husband, had not the premises been dedicated as a homestead—and it is unnecessary to decide that point—it could not have that effect as against the homestead, for that result could be accomplished only by the joint execution of a proper instrument by both husband and wife.

Judgment and order affirmed.

We concur: Niles, J.; Crockett, J.; Wallace, C. J.