SAMUEL BILLINGSLEY *v.* T. J. NIBLETT ET AL.

1. HOMESTEAD. *Purchase-money. Wife's rights.*
   A trust-deed on the homestead to secure the purchase-money thereof is valid although the grantor's wife does not join therein.

2. CONSIDERATION. *Compromise. Trust-deed.*
   A note and trust-deed given for a quitclaim deed conveying to parties in possession a title on which suit had been brought against them, cannot be defeated on the ground that the title is worthless, and if contested, could not have prevailed.

ERROR to the Chancery Court of Lee County.
Hon. LAFAYETTE HAUGHTON, Chancellor.

The defendants in error, the Nibletts and their wives, filed this bill to enjoin the sale of a quarter-section of land under a trust-deed thereon in favor of the plaintiff in error, on the ground that the land had for a long time been occupied by them as their homestead exemption, and the wives had not joined in the trust-deed.

The Nibletts had been in possession of the land, under a bond for title, for many years, and the land during that time was sold at a tax sale, and bought by the plaintiff in error, who brought ejectment against the Nibletts, and they compromised the suit by purchasing the plaintiff's title, he making to them a quitclaim deed, and they making to him the trust-deed. The Nibletts charge in their bill that they are ignorant men, and were deceived by Billingsley, who represented that he had a perfect title to the land, whereas in fact his tax-title is utterly void. They recognize Billingsley's right to sell the title conveyed by the quitclaim deed, and also propose to do equity by repaying the taxes paid by Billingsley, but they contend that the title under the bond for title cannot be sold under the trust-deed, because of the non-joinder of their wives. Billingsley's answer denies all misrepresentation and fraud, and states that he dismissed his suit in consideration of the compromise. The proof sustained the answer. On final hearing, the chancellor made the injunction perpetual, and ordered the Nibletts to pay Billingsley the sum paid out by him for the tax-title.

*J. L. Finley*, for the appellant.

1. The Nibletts had no title to the land, but were trespassers, and their wives could set up no claim to homestead exemptions drawn from that source.

2. The wives have no homestead interest as against the purchase-money. *Howell* v. *Bush*, 54 Miss. 437.

3. While the bill charges that Billingsley deceived the Nibletts as to his title, the proof does not sustain the charge. It was simply a compromise of the suit, which was dismissed in consideration thereof.

*Blair & Clifton*, for the appellees.

1. The appellees had a sufficient title to the land.  *Benson* v. *Stewart*, 1 Geo. 48 ; *Huntington* v. *Colton*, 2 Geo. 253 ; *Zegarden* v. *Carpenter*, 7 Geo. 404 ; *Nash* v. *Fletcher*, 44 Miss. 609 ; *Wilborn* v. *Anderson*, 8 Geo. 155.

2. That title, such as it is, has never been conveyed, and is still in the Nibletts.  Acts 1873, p. 78.  By this statute the land became, in effect, the separate estate of the wives, and is secured to them by the decisions of our court on the homestead law. Code 1871, sect. 2135 ; *Johnson* v. *Richardson*, 4 Geo. 463 ; *Smith* v. *Estelle*, 5 Geo. 527.  Any interest in land will be protected as the homestead, if it is, in fact, the homestead. *Caldwell McGrath et al.* v. *A. G. Sinclair et al.*, 55 Miss. 89.

3. The only exception to the rule that an instrument such as the one under consideration is void, is where the deed of the vendor and the deed of trust of the vendee to the vendor for the purchase-money are made as parts of one transaction. There the deed of trust is said to attach before the homestead comes into existence.  *New England Jewelry Co.* v. *Tarrant Merriam*, 2 Allen, 390.  In the case at bar, the homestead rights were in existence for years before Billingsley made his deed.  He conveyed nothing, — did not give possession.  He is not a grantor ; he only released a supposed claim which he had, by making a quitclaim deed.  He is not a vendor.

CAMPBELL, J., delivered the opinion of the court.

The deed of trust was not invalid because the wives of the grantors did not join in its execution.  It was made to secure the purchase-money of the land, agreed to be paid by the grantors.  The claim of plaintiff in error is paramount to the claim of a "homestead."  The land was a subject of legal controversy.  Plaintiff in error sued to recover its possession. The grantors in the deed of trust surrendered to the claim asserted by plaintiff in error in court, and purchased his title by promising to pay him a sum of money, and securing its payment by a deed of trust on the land which was the subject

of the suit. An attack was made on their title, which so threatened as to induce them to obtain security from harm by purchasing the hostile claim.

It is now said that they surrendered to an imaginary foe, and bought a title which was incapable of disturbing the perfect title they had before, and under which they were secure in their possession of the land. This shows only that they might have declined to purchase the title of plaintiff in error, and does not change the fact that they did purchase, and do now owe the purchase-money of the land conveyed by the deed of trust; and it is not to be denied that the " homestead claim " is subordinate to the claim of the vendor for the purchase-money of the land. It is not a subject of inquiry, whether plaintiff in error had a good title or not, or what would have been the result of his suit. The defendants in that suit preferred a purchase of his title to a trial of it. They had the right to negotiate and settle, rather than to contest. They recognized the validity of the title of the plaintiff so far as to agree to pay for it, and to accept his deed, and to pledge the land to pay the price of extinguishing his title. He was a vendor, and they were vendees. That he made a quit-claim instead of a warranty deed makes no difference.

The bill in this case is constructed on the assumption that the act of the 18th of April, 1873 (Acts, p. 78), vests in the wife of the exemptionist an interest in " his homestead." That is a mistaken view. The statute has no such effect. It does not attempt to divest the husband's title to, or interest in, " his homestead." It does not vest in the wife any interest in it. It requires the joinder of the wife in a conveyance of the homestead of the husband. His power to dispose of " his homestead " is fettered by the requirement that his wife shall consent and join in his conveyance of it. She thus has a negative on his disposition of " his homestead," by refusing to "join in such conveyance." The power of the husband to dispose of his land, not being " his homestead," was not affected by the act cited.

There can be no homestead rights, as against the claim for the purchase-money of the land on which the home is, because ownership is a condition precedent to the existence of a home-stead.

The right of the husbands who executed this deed of trust, to bind the land to pay the price which secured it to them, was unaffected by the act of the 18th of April, 1873, *supra*, and the bill should have been dismissed.

Decree reversed and bill dismissed.