CLARENCE R. COCK, ADMINISTRATOR, *v.* JACOB B. ABERNATHY, ADMINISTRATOR.

1. WITNESSES. *Estate of decedent.    Code* 1892, § 1740.

An administrator, although a distributee of his intestate's estate, is a competent witness to establish a claim of his intestate against the estate of another decedent. He is not incompetent, under Code 1892, § 1740, providing that a person shall not testify as a witness to establish his own claim or defense against the estate of a deceased person, etc.

2. EVIDENCE. *Death of person.    Grant of administration.*

A grant of letters of administration on an estate is *prima facie* evidence of the death of the person upon whose estate the administration is granted.

3. STATUTE OF LIMITATIONS. *Writing.    Code* 1892, § 2739.

A cause of action, evidenced by a writing acknowledging a debt, is not barred by the three years' statute of limitation.    Code 1892, § 2739.

FROM the chancery court of Lee county.

HON. BAXTER McFARLAND, Chancellor.

Abernathy, the appellee, as administrator of the estate of one Bankhead, deceased, instituted this cause in the court below against Cock, administrator of the estate of one Robinson, deceased, the object of which was to have a claim in favor of Bankhead's estate allowed against and paid by the estate of Robinson. The court below allowed the claim and ordered it paid, and from the decree allowing the claim and ordering it paid, Cock, administrator, appealed to the supreme court.

The facts upon which the contention arose are manifest from the opinion of the court.

*I. T. Blount,* for appellant.

It was clearly erroneous to allow Abernathy to testify. The fact that he was the administrator of Bankhead's estate did not make him competent; he was a distributee of the estate of his intestate. He was clearly incompetent under code 1892, § 1740. To permit a distributee of an estate to testify to establish his claim against another estate because he is the administrator of the estate in which he is interested, is to evade and practically to repeal the statute.

The three years statute of limitation barred the claim. *Hudson* v. *Kimbrough,* 74 Miss., 341. The pretended writing counted upon by appellee was a mere receipt, and not a contract. There was no evidence of Bankhead's death.

*Anderson & Long,* for appellee.

Abernathy was a competent witness. While his testimony tended, and, in fact, established, a claim against the estate of Robinson, yet it was not his claim within the meaning of code 1892, § 1740, but it was the claim of the estate of his intestate. The fact that the witness was one of the distributees of his intestate's estate, and ultimately to be benefited, perhaps, does not render him incompetent. *Combs* v. *Black,* 62 Miss., 831; *Sweatman* v. *Parker,* 49 Miss., 19; *McCutchen* v. *Rice,* 56 Miss., 455; *Jones* v. *Warren,* 70 Miss., 227.

The claim was not barred by the six years limitation, because that number of years has not elapsed since the cause of action arose. It was not barred by the three years statute, because the contract between Robinson and Bankhead was evidenced in writing—the power of attorney and the receipt. *Washington* v. *Soria,* 73 Miss., 665.

There was sufficient evidence of Bankhead's death, but the question of his death cannot be raised by a collateral attack upon

the decree appointing an administrator on his estate.   *Weir* v. *Monahan,* 67 Miss., 434.

CALHOON, J., delivered the opinion of the court.

Abernathy was a competent witness for the estate of Bankhead, of which he was the administrator, notwithstanding he was incidentally interested as one of the distributees of Bankhead's estate.   He was not testifying to establish his own claim against the estate of the deceased, Robinson.   Code, § 1740, and its annotations; B. & A. Digest, 1252; *Sweatman* v. *Parker,* 49 Miss., 31.

The objection that there was no sufficient evidence of Bankhead's death cannot be of any avail to appellant in this proceeding.   The grant of letters of administration on his estate is *prima facie* proof that he is dead.

The claim was not barred by the statute of limitations of three years because the liability of Robinson is provable by a writing.   *Washington* v. *Soria,* 73 Miss., 665.   That of six years does not bar because that time had not elapsed from the date of the writing, July 28, 1893, to the date of its probate, March 11, 1899.

*Affirmed.*