*dleton* v. *Stewart, supra; Melick* v. *Dayton,* 34 N. J. Eq. 245; *Wadlington* v. *Hill,* 10 Smedes & M. (Miss.) 560; *Atkinson* v. *Sinnott,* 67 Miss. 502, 7 So. 289; *Waddell* v. *De Jet,* 76 Miss. 104, 23 So. 437; *Eps.* v. *Saunders,* 109 Va. 99, 63 S. E..428, 132 Am. St. Rep. 904; *Hodges et al.* v. *Denny,* 86 Ala. 226, 5 So. 492; 39 Cyc. 1314; *Phifer* v. *Steenburg et al,* 66 Fla. 555, 64 So. 265.

In view of these conclusions, the case is reversed as to that part of the decree for the one thousand, four hundred and eleven acres of timber, and the claim dismissed, and in all other respects is affirmed. Let all the court costs be assessed equally against appellee and appellant.

*Reversed and affirmed in part.*

HORTON *v.* KING ET AL.

[71 South. 9.]

TAXATION. *Assessment. Validity of statute.*

Laws 1908, chapter 239, which empowers the board of supervisors of Lincoln county to order an assessment of lands for the year 1908; said assessment to be made in all respects as required by law for regular land assessments and to be in lieu of the last regular assessment, does not violate section 112 of the state constitution, providing that "taxation shall be uniform and equal throughout the state. Property shall be assessed for taxes under general laws, and by uniform rules, according to its value."

APPEAL from the chancery court of Lincoln county. HON. G. G. LYELL, Chancellor.

Suit by Dr. W. H. Horton against George King and others. From a decree for defendants, plaintiff appeals.

On March 16, 1912, appellant filed his bill in chancery for the confirmation of a tax title to certain land in Lincoln county described in the bill, alleging that said land was sold on the first Monday in April, 1909, for the taxes for the year 1908. Appellees answered, alleging that the land was assessed and sold under the provisions of chapter 239 of the Laws of 1908, which appellees alleged to be unconstitutional, as violative of section 112 of the Constitution of the state of Mississippi, which provides that:

"Taxation shall be uniform and equal throughout the state. . . . Property shall be assessed for taxes under general laws, and by uniform rules, according to its true value."

The law of 1908 referred to is an act empowering the board of supervisors of Lincoln county to order an assessment of lands thereon for the year 1908; said assessment to be made in all respects as required by law for regular land assessments. The act provides that the board may within its discretion order this assessment at the regular April meeting 1908, and that it shall be in lieu of the last regular assessment of lands in said county, and be approved by the board at the time and in the manner prescribed by law for general land assessments and shall constitute the land assessment of said county till the next regular land assessment.

The board ordered the assessment authorized by this act, and taxes were not paid on the land in question, which was bought by appellant at the tax sale. The validity of the act of 1908 is the only question for decision.

*H. H. Creekmore*, for appellant.

HOLDEN, J., delivered the opinion of the court.

The assessment of the property was made by the county assessor under chapter 239, Acts of 1908. We hold that the assessment and tax sale were valid.

*Reversed and remanded.*