[Civ. No. 1922.  First Appellate District.—September 22, 1916.]

## A. G. AINSWORTH et al., Appellants, v. ENOCH MORRILL, Respondent.

EXCHANGE OF REAL PROPERTY—HOMESTEAD—REFORMATION AND SPECIFIC ENFORCEMENT.—A husband and wife are not entitled to have a written contract for an exchange of real property reformed and then specifically enforced where the writing consisted of a written offer made and signed only by the husband and accepted in writing by the defendant, and the property of the plaintiffs was encumbered with a homestead declared by the wife.

ID.—HOMESTEAD—ENCUMBRANCE—STRICT COMPLIANCE WITH STATUTE. The policy and purpose of section 1242 of the Civil Code is to prevent the destruction or encumbrance of a homestead by either spouse acting alone, and a purported conveyance or encumbrance of the homestead by either spouse not made in strict compliance with the requirements of such section is invalid and inoperative for any purpose.

APPEAL from a judgment of the Superior Court of Alameda County.  T. W. Harris, Judge.

The facts are stated in the opinion of the court.

Lindley & Eickhoff, and Russell T. Ainsworth, for Appellants.

Redmond C. Staats, and James M. Koford, for Respondent.

THE COURT.—In this action the plaintiff sought to have reformed and then specifically enforced a written contract

executed by and between the plaintiff A. G. Ainsworth and the defendant Morrill, for an exchange of certain real property. The defendant's general and special demurrer to the plaintiff's fourth amended complaint was sustained, and the plaintiffs declining to further amend, judgment was entered for the defendant, from which the plaintiffs have appealed.

The facts pleaded and relied upon for a cause of action are substantially these: The plaintiffs are, and at all times mentioned in the complaint were, husband and wife and living together as such in the county of Napa. The plaintiff Minerva L. Ainsworth was the owner of certain real property situate in the county of Napa, and the defendant Morrill was the owner of certain real property situate in the county of Alameda. Both properties were at the time of the making of the contract encumbered with mortgages, and the property of the plaintiff Minerva L. Ainsworth was further encumbered with a right of way and a homestead declared by her. The contract in controversy consisted of a written offer made and signed only by the plaintiff A. G. Ainsworth, which was accepted in writing by the defendant Morrill.

In our opinion the plaintiffs' complaint does not and cannot be made to state a cause of action, and therefore the defendant's demurrer was rightfully sustained upon that ground alone. It affirmatively appears from the allegations of the complaint that the contract in suit was not signed and acknowledged by the plaintiff Minerva L. Ainsworth; and we have no doubt that its effect, if valid and enforceable, would be an encumbrance upon the homestead previously declared by her within the meaning of section 1242 of the Civil Code, which provides that "The homestead of a married woman cannot be conveyed or encumbered unless the instrument by which it is conveyed or encumbered is executed and acknowledged by the husband and wife." Although the contract was signed only by the plaintiff A. G. Ainsworth and was executory in its nature, nevertheless its tendency was to cast a cloud upon the property involved, and to that extent at least constituted an encumbrance upon the existing homestead. The policy and purpose of section 1242 of the Civil Code is to prevent the destruction or encumbrance of a homestead by either spouse acting alone; and it is well settled that a purported conveyance or encumbrance of the homestead by either spouse not made in strict compliance

with the requirements of that section is invalid and inoperative for any purpose. (*Freiermuth* v. *Steigleman,* 130 Cal. 392, [80 Am. St. Rep. 138, 62 Pac. 615].) Clearly, under the pleaded and admitted facts of the present case the defendant would not be entitled to have the contract in controversy reformed and enforced as against either or both of the plaintiffs; and conversely it must be true that the plaintiffs can have no rights under the contract superior to those accorded by the law to the defendant. It is elementary that a void agreement has no standing in the law, and consequently it can neither be reformed nor enforced.

The judgment appealed from is affirmed.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on November 20, 1916.