[Civ. No. 2563.    Second Appellate District, Division Two.—April 20, 1920.]

## MRS. MANIMA BURTON COREY, Respondent, v. JOHN E. MATOT et al., Appellants.

[1] HOMESTEAD—DECLARATION ON MORTGAGED PROPERTY—EXTENSION OF LIABILITY BY HUSBAND—PRIORITY OF HOMESTEAD—STATUTE OF LIMITATIONS.—Where the wife declares and files a homestead on real property which is subject to a mortgage which she and her husband had executed as security for their promissory note, and thereafter and after the maturity of such note, but before the running of the statute of limitations, the husband, without the knowledge or consent of the wife, enters into a stipulation and agreement in writing with the payee of the note and mortgage of the property extending the time of payment on said note and mortgage, such extension of the liability does not preserve the lien of the mortgage as against the homestead after the statute of limitations has run against the liability as originally created.

APPEAL from a judgment of the Superior Court of San Bernardino County. H. T. Dewhirst, Judge. Reversed.

The facts are stated in the opinion of the court.

Kenneth E. Matot, Hert & Watt and Porter, Morgan & Parrot for Appellants.

Allison & Dickson for Respondent.

SLOANE, J.—In this case the defendants, John E. Matot and Mary E. Matot, husband and wife, had executed to the

plaintiff their promissory note secured by mortgage upon certain real property. Thereafter, and before the maturity of the note, the defendant Mary E. Matot declared and filed a homestead on the property in conformity with section 1263 of the Civil Code, for the benefit of herself and family. After the maturity of the note, but before the running of the statute of limitations, the defendant John E. Matot, without the knowledge or consent of his wife, entered into a stipulation and agreement in writing with the payee of the note and mortgagee of the property extending the time of payment on said note and mortgage. After the statute of limitations had run on the obligation as originally evidenced by the promissory note, but prior to the date of payment as covered by the extension, this action was brought to foreclose the mortgage, in satisfaction of the liability on the note. The court found that the defendant John E. Matot was liable under the obligation of the note as extended, and decreed the foreclosure and sale of the property to pay the amount of such indebtedness. The appeal is taken by both defendants from the judgment of foreclosure.

[1] The only question to be decided is, whether the extension of the liability of the defendant John E. Matot upon the promissory note preserved the lien of the mortgage as against the homestead after the statute of limitations—which was pleaded—had run against the liability as originally created.

The contention of appellants is that the husband alone had no right to extend or prolong the period of the lien, as affecting the homestead, beyond the liability as defined by the note and mortgage at the date of filing the declaration of homestead. In support of this contention they cite and rely upon the rulings of the supreme court in *Barber v. Babel,* 36 Cal. 11, *Wells v. Harter,* 2 Cal. Unrep. 52, *Hart v. Church,* 126 Cal. 476, [77 Am. St. Rep. 195, 58 Pac. 910, 59 Pac. 296], and *Ainsworth v. Morrill,* 31 Cal. App. 510, [160 Pac. 1089]. Only the first of the decisions cited is closely in point. In *Wells v. Harter* the facts are not very fully stated, but it appears from the opinion that the four years period of limitation had run before the agreement for extension, by the husband alone, of the time of payment was entered into. Presumptively the bar of the statute, which was pleaded, applied. It is clear that an agreement

made after the cause of action was barred by the statute of limitations was the creation of a new liability, not a mere extension of the old one, and would not be effective as to a homestead without the consent of the wife. *Hart* v. *Church,* which, while it quotes with approval *Barber* v. *Babel,* is quite different in its facts from those set out in that case or in the case at bar; and all that the court decides is that a homestead cannot be relinquished, alienated, or encumbered without the joint and concurrent act of both husband and wife. If the question here arose upon the admitted creation of a new lien, the citation would be conclusive against it. But the ground upon which the decree of foreclosure here is sought to be upheld is that the extension of the mortgage lien was not the creation of a new lien, but a continuance of the old. *Ainsworth* v. *Morrill* only declares the same rule, that the homestead right can only be affected by the joint act of husband and wife.

We are of the opinion, however, that the decision of the supreme court in *Barber* v. *Babel, supra,* is controlling in the appellants' favor in this case. There, as here, the premises in question had been mortgaged by husband and wife to secure their joint note. They subsequently, before maturity of the note, filed a declaration of homestead on the property. Later, before the statute of limitations had run, the husband, without the wife joining therein and without her knowledge or consent, executed a new note and mortgage for the debt, and the old mortgage was satisfied of record. Suit was brought to foreclose the new mortgage after the statute of limitations had run on the old; and it was held that the new mortgage did not create a lien on the homestead. If this were the end of the matter, respondent's contention that the decision is not in point would be beyond dispute. The new mortgage was an attempt of the husband alone to create a new lien on the homestead property. But this case goes further. The plaintiff in the foreclosure action alleged fraud on the part of Frederick Babel, the husband, in securing the release of the old mortgage by representing that there was no homestead on the property, and it was sought to have the fraudulent satisfaction of the old mortgage disregarded and set aside and to grant plaintiff relief by foreclosure under the first mortgage. That the giving of this new note under the circumstances stated was

in effect an extension of the old debt as to the husband, there can be no doubt, and the court in that case so recognizes it. But it further holds that the wife was not estopped by the acts of her husband, and that he could not by such means prolong the lien on the homestead. As is said by the court in this connection: "The giving of the new note and extending the time of payment were also the act of the husband alone, to which the wife was no party. Under the authorities cited he could no more effect the same purpose by continuing the old lien beyond the time when the action would be barred as to the wife than in the direct mode attempted of executing a new mortgage and discharging the old." And again: "Had the suit now under consideration been brought before the action on the old note and mortgage was barred, and no question under the statute of limitations had arisen, then there would have been some analogy between the cases; for it could well have been said that the execution of the second note and mortgage, and surrender of the first, and cancellation of the mortgage upon the record, had been procured by fraud, and the transaction being void on that ground, the old note and mortgage would be still alive and unaffected by it. The satisfaction being void, there would then have been a valid live mortgage. But in this case, if we consider the new note and mortgage and the discharge of the old mortgage void on the ground of fraud, the old cause of action is itself barred by the statute, and no action can be maintained upon the mortgage unless a new right has been acquired against the wife and the homestead estate, and this new right could not be created by the act of the husband alone in any form."

Counsel for respondent, in contesting this doctrine, cite a number of decisions from other states: *Jackson* v. *Longwell,* 63 Kan. 93, [64 Pac. 991] ; *Billingsley* v. *Niblett,* 56 Miss. 537; *Hambrick* v. *Jones,* 64 Miss. 240, [8 South. 176] ; *Roberts* v. *Roberts,* 10 N. D. 531, [88 N. W. 289]. The first of these does not involve a homestead right; and all the others are cases in which the mortgage was originally executed by both husband and wife after the homestead was created. These decisions do hold that a mortgage so executed may be foreclosed against the homestead so long as the principal debt exists against the husband, although barred as to the wife. To the contrary, in a Texas case (*San Antonio Real*

*Estate etc. Assn.* v. *Stewart,* 27 Tex. Civ. App. 299, [65 S. W. 665]), it is held that a husband cannot waive the wife's rights or extend a lien created on the homestead by a joint mortgage by an act in which the wife does not join. In none of these cases is the state law governing the homestead set forth, and their applicability under the homestead laws of California is therefore left somewhat obscure. They in no event touch the distinction which exists in the case at bar and in *Barber* v. *Babel, supra.* The opinion in the latter case is a well-considered discussion of the nature of the homestead estate by Chief Justice Sawyer, and the doctrine there laid down does not seem to have been questioned in any subsequent California decision.

The ground of distinction between a mortgage executed by both husband and wife upon an existing homestead and one where the homestead is declared subject to a previously executed mortgage would seem to be that in the instance of a pre-existing homestead the mortgage is an express encumbrance of the homestead interest, evidenced as required under the homestead laws. The homestead is thereby dedicated to the payment of the debt, and is subject to the continued existence of the debt as to either of the parties to the mortgage; while in the case of a mortgage made prior to the homestead declaration, only the title as it then stands is pledged. The subsequent declaration of a homestead creates a new and distinct species of title in the property. This newly created interest is under the statute subject to the existing mortgage, but only within the application of the strict terms of the mortgage liability. It cannot be extended or prolonged by implication or by the acts of one alone of the makers, but only in the manner provided by the statute for encumbrancing or alienating a homestead. The effect of grafting the new homestead right upon the title is similar to the effect of a conveyance of the mortgaged premises to one not bound by the contract of the note and mortgage. The rule is stated, in discussing this point, in *Barber* v. *Babel, supra,* as follows: "The cases of *Lord* v. *Morris,* 18 Cal. 482, *Lent* v. *Morrill,* 25 Cal. 499, *Lent* v. *Shear,* 26 Cal. 370, *Low* v. *Allen,* 26 Cal. 141, and other cases to the same effect, establish the principle that after a conveyance of the mortgaged premises, or the transfer of any interest therein, the mortgagor has no power to create,

revive, renew, or prolong a charge upon the premises or interest therein, so conveyed or transferred, while such interest remains in another party. . . . The principles established by these cases directly apply to the case under consideration. The original note and mortgage were valid, but subsequent to the making of this mortgage the defendants duly recorded their declaration of homestead, and thereby became jointly vested with new and important rights, which were inalienable, except in the mode prescribed by statute. The wife acquired a new, distinct, personal interest, which she did not before have, and which she afterward could not be deprived of by any act of the husband." Under subdivision 4 of section 1241 of the Civil Code, the homestead is made subject to "debts secured by mortgages on the premises, executed and recorded before the declaration of homestead was filed for record." The same is true of conveyances of estates subject to debts secured by mortgage; but in either instance can the liability against the interest created by the homestead declaration or the conveyance be enlarged or extended without the consent of the parties in interest. And in the case of a homestead right, such consent can only be evidenced by writing, jointly and concurrently executed by the homestead parties. (Secs. 1242, 1243, Civ. Code.)

We find nothing in the case of *First Nat. Bank* v. *Merrill*, 167 Cal. 392, [139 Pac. 1066], cited by respondent, that affects our conclusion in this matter. In that case the alleged mortgage was executed in a manner to create a valid lien on the property described, which was not at the time of the execution of the instrument covered by a homestead. It was held that a subsequent homestead filing on the property was subject to this mortgage, although it had not been executed in a manner that would have created a lien had the homestead existed at the time of its execution. This view of the law is unquestioned. There is no claim, however, that the original lien in that case had expired or in any way become ineffective, and it does not involve the effect of any attempt to prolong or extend its operation.

The judgment is reversed.

Finlayson, P. J., and Thomas, J., concurred.