# CASES ARGUED AND DETERMINED

IN THE

# SUPREME COURT OF MISSISSIPPI

AT THE

## SEPTEMBER TERM, 1923.

### BLODGETT *v.* PEARL RIVER COUNTY.

(Division A. Dec. 17, 1923.)

[98 So. 227. No. 23728.]

1. STATUTORY PROVISIONS.

The three-year statute of limitation (section 3099, Code 1906 [section 2463, Hemingway's Code]) applies alone to actions on open or stated accounts not acknowledged in writing, signed by the debtor, and on unwritten contracts expressed or implied, while section 3097, Code 1906 (section 2461, Hemingway's Code), governs among other causes of action written contracts expressed or implied not signed by the debtor.

2. LIMITATIONS OF ACTIONS. *Action for county taxes erroneously paid governed by six-year statute of limitation; "provable by writing."*

An action for county taxes under the reclamation statute (section 4346, Code 1906 [section 6980, Hemingway's Code]), erroneously paid, which had been audited and allowed and certified in accordance with said statute, is governed by the six-year statute of limitation (section 3097, Code 1906 [section 2461, Hemingway's Code]), and not by the three-year statute of limitation (section 3099, Code 1906 [section 2463, Hemingway's Code]), because such a cause of action is provable by writing, namely, said reclamation proceedings, including the receipt for the taxes erroneously paid.

APPEAL from circuit court of Pearl River county.
HON. J. Q. LANGSTON, Judge.

(816)

Action by John W. Blodgett against Pearl River County. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

*D. E.* and *C. W. Sullivan,* for appellant.

The only question presented for consideration by this record is whether the statute of limitations of three years is applicable. This statute is found in section 3099, Code 1906, and section 2463, Hemingway's Code. The six-year statute of limitations is set out in section 3097, Code 1906, section 2461, Hemingway's Code.

The appellee in the court below relied on *Musgrove* v. *City of Jackson,* 59 Miss. 390. The suit was brought in the Musgrove case to recover for privilege license fees paid the city of Jackson on the business of banker and real estate agent. The bar of the three-year statute of limitations was pleaded but the court held that the limitation did not apply but the six-year statute did apply. The limitation as to unwritten implied contracts was not in the statute then. The court said, however, that if there was any liability on the city it grew out of an implied contract, and that the six-year limitation applied, that the liability, if it existed at all, arose from an implied liability because the city had coerced the payment of a tax which it had no power to impose. The Musgrove case does not apply to the case at bar. The three-year statute as it now is, makes the statute of limitations apply to "any unwritten contract, express or implied." This language means any unwritten express contract or any unwritten implied contract. Before the three-year statute could be applied to an implied contract it would have to appear that the implied contract arose from verbal arrangement or liability, and not from some written obligation or liability.

An implied contract may arise from a writing, and in such case the six-year statute of limitations applies. This was decided in *Washington* v. *Soria,* 73 Miss. 665.

134 Miss.—52.

The reclamation statute was adopted for the first time in chapter 76, Laws of 1900. This act has been brought forward in the different codes and is now found in section 4346, Code 1906, Hemingway's Code, section 6980. This statute does away with the implied contract for refunding taxes unlawfully collected. There cannot be an implied liability to refund on the part of the county when a direct and positive statute requires that the money shall be refunded and points out the method by which it is to be done. If we are correct in this conclusion then it follows that the three-year statute has no application to the case at bar. The six-year statute applies and it has not had time to bar the suit.

If there was any contract in the matter at all it was a written contract. The assessment of the property, the levy of the taxes, and the receipt given for the money were all in writing. All these matters are necessary in the proof of the plaintiff, and without them he could not make out his case. They are the basis of his suit. They constitute the written contract requiring the taxpayer to pay all lawful taxes and requiring the county to refund all unlawful taxes under the authority of the statute. See *Levee District* v. *Railroad,* 71 Miss. 752; *Cock* v. *Abernathy,* 77 Miss. 872; *Folks* v. *Lea,* 84 Miss. 509; *Honea* v. *Monroe County,* 15 So. 789, not officially reported; *Bennett Association* v. *Bank,* 99 Miss. 610; *Railroad Co.* v. *Oil Co.,* 111 Miss. 320.

*F. M. West, Amicus Curiae,* for appellant.

I. The six-year statute applies because appellant's claim is provable by a writing, and for the further reason that, since he is proceeding under the provisions of section 4346 of the Code of 1906, the six-year statute applies, for that section provides no time within which an application for refund shall be made.

This court held in the following cases that the six-year statute applied, since they were provable by writings:

*Vicksburg Water Works Co.* v. *Y. & M. V. R. R. Co.,* 102 Miss. 504; *I. C. R. R. Co.* v. *Jackson Oil & Refining Co.,* 111 Miss. 320; *Madison County* v. *Collier,* 87 Miss. 204; *Cock* v. *Abernathy,* 77 Miss. 872; *Washington* v. *Soria,* 73 Miss. 665; *Masonic Benefit Assn.* v. *First State Bank,* 99 Miss. 610; *Edward Thompson Co.* v. *Foy,* 115 Miss. 848; *Tenn. Brewing Co.* v. *Hendricks,* 77 Miss. 491; *LeFlore County* v. *Allen,* 80 Miss. 298; *Fowlkes* v. *Lea,* 84 Miss. 509; *Romano* v. *Y. & M. V. R. R. Co.,* 87 Miss. 721; *Wade* v. *Barlow,* 99 Miss. 33; *Honea* v. *Board of Supervisors,* 15 So. (Miss.) 789.

This court held in *Pearl River County* v. *Lacey Lumber Co.,* 124 Miss. 85, that the assessment involved in that case (which is the same here), was void, and that the county had no right to collect the taxes thereon. The lower court held that appellant's claim here was barred by the three-year statute of limitations, for the reason that the county having collected a tax to which it had no right, the obligation to repay was implied in law.

A county cannot make an implied contract. All of its contracts must be made in writing, and spread upon the minutes of the board. *Pass Christian* v. *Washington,* 81 Miss. 470; *Marion County* v. *Woulard,* 77 Miss. 343; *Yandell* v. *Madison County,* 88 Miss. 288; *Drainage District* v. *Bolivar County,* 111 Miss. 250; *Gilchrist-Fordney Co.* v. *Keyes,* 113 Miss. 742; *Smith County* v. *Mangum,* 89 So. (Miss.) 913; *Corinth to Gulf, etc.* v. *Carothers & Co.,* 92 So. (Miss.) 696.

This court held in *Wilson* v. *Naylor,* 116 Miss. 573, that the statute of limitations did not begin to run against the applicant for refund until the patent to the land had been canceled by the land commissioner, and such fact certified to the auditor of public accounts. That case is decisive of the one here. The statute there involved (section 2947, Code of 1906), is a refunding statute similar to that at bar.

When did appellant first have the right to demand payment of the board authorized to allow or disallow the

claim sued upon, under section 3096 of the Code of 1906?
Manifestly, not until he had first applied to the auditor
of public accounts, under section 4346, and that officer
had duly certified the matter to the board of supervisors
of Pearl River county. See, to the same effect, the fol-
lowing decisions by the supreme court of Iowa, in which
state there is a refunding statute similar to ours: *Lau-
man* v. *County of Des Moines,* 29 Ia. 310; *Tallant* v.
*Berlington,* 39 Ia. 543; *Isbell* v. *Crawford County,* 40 Ia.
102; *Brownlee* v. *Marion County,* 53 Ia. 489; *The Iowa
I. L. Co.* v. *Woodbury County,* 64 Ia. 212; *Thomas* v.
*Berlington,* 69 Ia. 140; *Skinner* v. *Chickasaw County,* 140
Ia. 453; *Bank* v. *Board of Supervisors,* 168 Ia. 501. See,
also, *Stewart, et al.* v. *Alameda County,* 142 Cal. 660;
*Brenner* v. *Los Angeles,* 160 Cal. 72; *Kelly* v. *Rhoads,*
7 Wyo. 237.

II. But if we are mistaken in this contention, the ap-
pellant would have six years from the time he paid the
taxes, within which to bring his suit, because no other
period of limitations applies. Prior to the year 1900
the only remedy of the taxpayer who had paid money
into the state and county treasuries under circumstances
similar to that here presented was by a special relief act
of the legislature. By chapter 76 of the Acts of 1900,
however, the state adopted a different policy in such
matters. All of the sections of that act have been brought
forward in the Code of 1906, and these statutes have
been in force unchanged for twenty-three years, and are
evidently serving the purpose intended. At each ses-
sion of the legislature since the passage of this act, ap-
propriations of money have been made to pay the claims
covered by the act. It was out of this appropriation
that the state refunded the appellee the amounts due
him in the instant case.

It is the settled law of this state and other jurisdic-
tions that where a taxpayer is subjected to the payment

of a tax which is illegal, an action will lie against the collector to recover it back unless he has paid it over to his superiors; in which event the action is against the corporation. *Tuttle* v. *Everett,* 51 Miss. 27.

In *Rand* v. *United States,* 63 Law Ed. 731, (U. S.) decided by the supreme court of the United States April 21, 1919, that court held that repayment must be made under the act of July 27, 1912 (37 Stat. at L. 240, chap. 256), which provides for the refunding to persons presenting claims of taxes erroneously or illegally collected under the War Revenue Act of June 13, 1898 (30 Stat. at L. 465, chap. 448, Comp. Stat. 1916, sec. 6144), imposing taxes on inheritances. See also the cases of *Simpson* v. *United States,* 64 Law Ed. 417 (1920); *United States* v. *Hvoslef,* 237 U. S. 1, 59 Law Ed. 813; Ann. Cases, 1916A, p. 286.

Again we ask—When does the period of limitations begin to run? In 17 R. C. L. 748, the rule is stated.

In the case at bar, since section 2346 provides no limitation of time within which to apply for the refund, we say that the six-year statute applies.

*Parker & Shivers,* for appellee.

The only question presented for consideration by this record is the statute of limitations, of three years. The question presents itself at the outset, what is the basis of liability of the county to refund taxes erroneously collected from appellant under the facts of this case. If we can find the basis of liability of the county for the erroneous taxes then it is easy enough to apply the statute.

This court has repeatedly held that it is the duty of the board of supervisors to plead the statute of limitations as a bar to any claims against the county if the statute has run against said claims. And in fact if they fail to plead the statute of limitations in cases where it applies, the board could probably be held civilly liable to the

county for failure to do so if they paid the claim. Therefore in this case it became the duty of the board of supervisors to interpose the statute of limitations and it is not a question of whether the county is morally due to refund appellant any part of the taxes that were paid by him, but simply a question of whether or not this statute applies in this case.

Counsel for appellant rests his contention, that the three-year statute does not apply, on two grounds: First, if the right is based on an implied contract, then it is an implied contract growing out of a written contract; and secondly that his right is based solely on statute and therefore there is no implied contract, but a statutory remedy and therefore the three-year statute does not apply.

The contention of appellant that the tax receipts given him at the time of the payment of his taxes in Jan., 1917, constitute a written contract, and are the basis of this suit, is not sound. This is not a suit on the receipts at all, but it is a suit to recover an amount erroneously paid, over and above the amount of taxes appellant was justly due, and while it is true that his receipts are evidence of the fact that he has paid the amount they are in no sense, the basis of his suit. Nor could appellant recover on the receipts, but must recover, if he recovers at all, on the fact that certain parts of the taxes paid by him were erroneously paid and were not due by him, and therefore the county having received an amount which was not due is under the law impliedly bound to repay to him his money which was improperly received by it. The receipts given in this case are in no way similar to the receipt on which suit was brought in *Cock* v. *Abernathy,* 77 Miss. 872, 28 So. 18. The following cases settle this question adversely to the contention of appellant: *D. S. Pate Lbr. Co.* v. *So. R. Co.,* 16 So. 481; *Warren Goodwin Lbr. Co.* v. *Lbr. Mineral Co.,* 82 So. 257;

*Wally et al.* v. *L. N. Dantzler Lbr. Co.,* 81 So. 489, 119 Miss. 700.

We believe that appellant's cause of action arose immediately upon the payment of the amount to the tax collector of Pearl River county, for as soon as he paid this amount, he had a right to apply to the auditor for a refund of the state taxes, and for the certificate as to the county taxes.

Appellant cites in his brief the case of *Wilson* v. *Naylor,* 119 Miss. 573, as bearing on the question involved in this suit, while *amicus curiae* also cites the case and claims that it is conclusive on the question of the statute of limitations, and contends that the case holds that appellant had a summary remedy under section 4536, of the Code of 1906. This same contention was made by Mr. West in *Pearl River County* v. *Lacey Lumber Company,* 91 So. 572, 128 Miss. 885, being the decision in the second appeal of that case to the supreme court and no one should be better aware of the fact that this statute does not provide a summary remedy, because that contention made by him in that case was denied by the supreme court and his suit was dismissed, Judge COOK holding that that statute did not provide a summary remedy but simply provided a method for auditing the claim.

II. We cite the following cases as being in our opinion decisive as to the question of the three-year statute of limitations and under the authority of these cases, we confidently believe that appellants's claim is barred by the three-year statute of limitations. *Musgrove* v. *City of Jackson,* 59 Miss. 390; *Bunting* v. *National Building and Loan Association,* 86 Miss. 454, 38 So. 345; *D. S. Pate Lumber Co.* v. *Lumber Mineral Co.,* 82 So. 257, 120, Miss. 346; *Walley* v. *L. N. Dantzler Lbr. Co.,* 81 So. 489, 119 Miss. 700.

Argued orally by *F. M. West* and *D. E. Sullivan,* for appellant and *J. M. Shivers,* for appellee.

ANDERSON, J., delivered the opinion of the court.

Appellant Blodgett sued appellee, Pearl River county, in the circuit court of said county, for county taxes alleged to have been erroneously paid by him into the treasury of said county for the year 1916, which amount sued for had been audited and allowed by the auditor of public accounts under our tax reclamation statute. Section 4346, Code of 1906 (section 6980, Hemingway's Code). There was a final judgment for the county, from which appellant prosecutes this appeal.

The case stands on the pleadings alone. The county pleaded the three-year statute of limitation against the claim of appellant, to which plea appellant demurred, which demurrer was sustained, and appellant declining to plead further, final judgment was entered against him.

The only question in the case is whether the three-year or six-year statute of limitation applies to appellant's claim. If the former applies his cause of action is barred, and the judgment of the court below should be affirmed, while if the latter applies it is not barred, and the judgment of the court below should be reversed. The case made by appellant's declaration is substantially this: He was a large landowner in Pearl River county. His lands were legally assessed in said county for the years 1915 and 1916 at a valuation of eight hundred seven thousand, nine hundred and ninety dollars. The legislature of 1916 adopted chapter 475, Acts of 1916, p. 560, a local and special act authorizing Pearl River county to make a new assessment of the lands of said county for the year 1916. It is conceded that said statute is unconstitutional under *Horton* v. *King,* 113 Miss. 60, 73 So. 871; Id., 110 Miss. 859, 71 So. 9, in which it was held that a like statute applying to Lincoln county alone was unconstitutional and void. In pursuance of said special act of the legislature Pearl River county had a new assessment for 1916, assessing appellant's lands at one

million three hundred thirty-four thousand six hundred
fifty-five dollars, which was five hundred twenty-six thou-
sand six hundred sixty-five dollars more than the as-
sessment for the year 1915-1916.  The result was that on
account of said increase in the assessment of appellant's
lands he paid to the state and the county of Pearl River
fifteen thousand eight hundred eighty dollars and fifty-
nine cents more taxes than he was due.  Appellant paid
said taxes under protest.  The excess state taxes paid
under said assessment was three thousand one hundred
fifty-nine dollars and the excess county taxes paid there-
under was twelve thousand eight hundred thirty-nine
dollars.  Appellant thereafter proceeded under our rec-
lamation statutes (section 4346, Code of 1906 [section
6980, Hemingway's Code]) to recover back from the
state and the county said excess amount of taxes so paid
by him.  His claim against the state was duly audited
under said statute and approved by the attorney-general,
and a warrant issued therefor on the state treasurer,
which appellant collected.  Said excess so paid to the
county was likewise audited by the state auditor and
approved by the attorney-general, and certified to the
board of supervisors of Pearl River county.  Said audit
and allowance was made on the 5th day of May, 1919,
but appellant for some reason failed to present his said
claim to the board of supervisors of Pearl River county
until its regular October meeting, 1922, at which time it
was duly presented and disallowed by the board, and
thereupon this suit was brought in October, 1922, to
recover said excess amount from the county.

It will be observed that appellant sued more than
three years after his right to sue accrued, whether such
right accrued when he paid said taxes or when his
claim therefor was audited under said reclamation stat-
ute, or at the time the board of supervisors rejected said
claim, but his suit was begun within six years of either

of those periods. Therefore if the former statute applies he is barred, and if the latter, he is not.

The three-year statute of limitation (section 3099, Code of 1906 [section 2463, Hemingway's Code]), provides, in substance, that actions on open or stated accounts not acknowledged in writing, and signed by the debtor, and all unwritten contracts, expressed or implied, shall be commenced within three years after the cause of action accrued, and not after. Certainly appellant's claim does not consist of an open or stated account. The question, therefore, is whether it consists of an "unwritten contract, expressed or implied." Or, putting the proposition conversely, does it consist of a written contract "expressed or implied." If the former, the three-year statute applies; if the latter, the six-year statute governs. It is conceded, of course, if appellant's claim does not come within the three-year statute, then it does come within the six-year statute. Section 3097, Code of 1906 (section 2461, Hemingway's Code).

Appellant's claim was evidenced by his tax receipt and the reclamation proceedings had before the auditor under said reclamation statute, and those proceedings consisted of said tax receipt and the audit of appellant's claim by the state auditor, and the "voucher and evidences on which such claim is based" (using the language of the statute), and, in addition, the opinion of the attorney-general and the certificate of the auditor of the amount found to be due the county. Added to that was the command of said statute that the board of supervisors should cause a warrant to issue on the county treasurer for the payment of such claim so certified, and that the county treasurer should pay the same. In order for a cause of action to come within the six-year statute of limitation it is not required that it shall be evidenced by writing and signed by the party sought to be charged. It is only necessary that the cause of action shall be provable by writing, and an obligation to pay the same shall arise either expressly or by law. Here

we have the entire claim, from beginning to end, provable by writing, namely, appellant's tax receipt and said reclamation proceedings, and then, in addition to that, the mandate of the statute that, when the claim is so audited, allowed, and presented, the board of supervisors are authorized to order it paid, and the treasurer of the county to pay it.

Under the authority of the cases following, we hold that the contract of the county to repay said taxes to appellant was provable entirely by writing, applying thereto the requirements of the statute. *Washington* v. *Soria,* 73 Miss. 665, 19 So. 485, 55 Am. St. Rep. 555; *Cock* v. *Abernathy,* 77 Miss. 872, 28 So. 18; *Fowlkes,* v. *Lea,* 84 Miss. 509, 36 So. 1036, 68 L. R. A. 925, 2 Ann. Cas. 466; *Masonic Benefit Ass'n* v. *Bank,* 99 Miss. 610, 55 So. 408; *Railroad Co.* v. *Oil Co.,* 111 Miss. 320, 71 So. 568.

*Reversed and remanded.*