HERRON *et ux. v.* LAND.*

(Division A.   Jan. 14, 1929.)

[119 So. 823.   No. 27561.]

---

*Corpus Juris-Cyc. References: Limitations of Actions, 37CJ, section 575, p. 1108, n. 53; section 610, p. 1133, n. 3.

*Frank Clark* and *W. M. Hutto,* for appellants.

*Heidelberg & Clark,* and *H. R. Stone,* for appellee.

McGOWEN, J.   On the 23d day of May, 1927, Robert Land, the appellee, filed his bill in the chancery court of Wayne county against W. H. Herron and his wife, Violet Herron, and J. C. Brock, trustee, seeking the foreclosure of a mortgage executed by W. H. Herron and wife in favor of the former on the 8th day of October, 1917, to secure a note due January 1, 1918, and covering certain land in Wayne county, Miss.

Attached to the bill as exhibits was the trust deed mentioned, together with certain chattel trust deeds executed from year to year for annual supplies furnished on growing crops and certain personal property.

The trust deed on the land sought here to be foreclosed appears to have been signed and acknowledged by the wife.   None of the chattel trust deeds executed from 1918 to 1925 bore the signature of Violet Herron, the wife.   In the chattel trust deed executed by Herron on June 20, 1922, there is contained this language: "Former deeds of trust and notes given by me, or me and wife, to Robert Land, remain in full force and effect.   This is accumulative security as well as for supplies," etc. There is also attached to the bill an itemized statement of account sworn to.

J. C. Brock, the trustee, made a party defendant, came in and submitted himself to the jurisdiction of the court.

The answer of W. H. Herron and Violet Herron denies that Violet Herron ever executed the trust deed, and pleaded a statute of limitations; denied the correctness of the account sued on; alleged that the trust deed was void; and asserted that all the subsequent chattel trust deeds were void for the reason that they were founded on the trust deed which had no trustee.   A good many irrelevant matters were set up in the answer.

On the trial, on proof and accounting, the chancellor found that the appellants were indebted to appellee, and ordered a sale of the land in satisfaction of the debt. From that decree appellants prosecute an appeal here.

The first assignment of error which we shall consider is that the note and trust deed securing same were due more than six years before this suit was brought, and that the renewals, one of which is quoted above, signed by the husband alone, not signed by the wife, could not affect the homestead rights of the latter, the land in controversy having been alleged to be a homestead.

If it be conceded that the land in controversy was a homestead, there is no question but that the wife signed the trust deed. Would the acknowledgment of the debt in writing, by the husband, bind and continue the original trust deed in so far as the wife is concerned?

We have thus stated counsel for appellants' position on this assignment of error as best we can interpret his brief.

This question was settled by our court in the case of *Smith* v. *Scherck*, 60 Miss. 491, wherein this court held that, where a wife joins with her husband in executing a deed of trust on a homestead belonging to the husband, to secure a debt due by him, a new promise in writing, by him alone, made before the bar of the statute of limitations has attached, operates to prevent such bar and to give a new period for both the debt and the security to him; and the concurrence of the wife in such new promise is not required by the act above referred to. In that case, Judge CHALMERS, as the organ of the court said:

"But our doctrine is that our statute (Acts 1873, p. 78) confers no right of property upon the wife, but a simple veto power upon the sale or incumbering of it. *Billingsley* v. *Niblett*, 56 Miss. 537. It remains, despite the statute, the exclusive property of the husband where the legal title resides in him, but with a limitation up-

on the *jus disponendi,* by which he is prevented from selling or incumbering it without the conjoint act of the wife. When, however, she has given her assent in the mode appointed by law, it is operative to its full effect, and can neither be recalled nor restricted by her. When, therefore, she joins in a mortgage of it to secure a debt, the property *quoad* the mortgage ceases to be a homestead, and is bound as any other property of the husband would be; and as long, therefore, as the debt is kept alive by him who owes it, the mortgage remains in full force" and effect. "Having consented that it might be bound for that debt, it must so continue until the debt be discharged by judgment, or by such lapse of time as constitutes a valid bar in behalf of the debtor. We speak only of a case where the debt is kept alive by renewals, and new promises made and executed before any bar attached, and have no reference to a case where a debt fully barred is renewed by the husband."

It will be observed that the land here alleged to be a homestead was the husband's land, and that the wife joined in the original trust deed, and that the new promise contained in the chattel trust deed, the language of which is set forth in the facts, was signed by Herron, the original debtor, on October 8, 1922, at a time when the original trust deed executed by the wife was alive and effective to cover the property.

In the second assignment of error, counsel seems to contend that the language quoted above, to-wit: "Former deeds of trust given by me, or me and wife, to Robert Land, remain in full force and effect. This is accumulative security," etc.—does not constitute a new promise to pay. The language is too broad to demand close analysis. It was an unreserved promise to pay, and to keep alive all notes and accounts which Herron, the husband, owed, and specifically pointed to that which had been executed by the wife.

So we are of opinion that the note was renewed by this language, and that the suit was brought within six years of the date of the signature of this chattel trust deed, and is not barred by section 2635, Hemingway's 1927 Code (section 3097, Code of 1906).

There are other assignments of error, which are devoid of merit.

*Affirmed.*