DAVIS *et al. v.* CRAWFORD *et al.*

ON SUGGESTION OF ERROR.

(Division A. · May 11, 1936.)

[168 So. 261. No. 31835.]

T. B. Davis, of Columbia, for appellants.

**E. B. & H. J. Patterson**, of Monticello, and **R. L. Jones**, of Brookhaven, for appellees.

498

On Suggestion of Error.

**McGowen, J.,** delivered the opinion of the court on suggestion of error.

Heretofore this case was affirmed. See 163 So. 543. Upon consideration of the suggestion of error filed herein by the appellants, we have decided to sustain it, set aside the former judgment, withdraw the former opinion, and now file our opinion anew therein.

Mrs. Edna Davis and E. B. Brewer, son and daughter and sole surviving heirs of their father, J. M. Brewer, deceased, filed their petition in the chancery court of Lawrence county against L. E. Crawford, receiver of the Bank of Monticello, and others, praying for the cancellation of a deed of trust pro tanto on an exempt homestead in the town of Monticello. The gist of the bill was to the effect that on April 2, 1929, J. M. Brewer and his wife executed a deed of trust on their homestead to secure their note of even date therewith for five hundred seventy-six dollars and seventy-five cents, and on January 24, 1930, J. M. Brewer executed a renewal note due later.

At the time of his death J. M. Brewer had on deposit to his credit in the bank the sum of four hundred dollars, and also had to his credit, as sheriff, the sum of sixty-one dollars and forty-eight cents, which was alleged to be his personal funds. Subsequent to the renewal of this note, on April 19, 1930, J. M. Brewer, W. G. Roper, and Mrs. W. G. Roper executed their joint and several note for three hundred fifty dollars to the bank, and, in so far as the bank was concerned, it showed that all the makers were principals.

It was alleged that J. M. Brewer, in his lifetime, had directed his bank deposits to be credited upon the note executed by him and his wife.

The receiver of the bank denied the material allegations of the petition, or at least the answer was so treated by the lower court and all parties, making his answer a cross-bill, and sought a foreclosure of the deed of trust to satisfy the first note, interest, and attorneys' fees.

He admitted the deposits as alleged, but averred that said deposits had been credited on the Roper note, and that a small balance over had been credited on the first note.

Mrs. J. M. Brewer died in 1933; J. M. Brewer died in 1934; and the Bank of Monticello closed its doors on January 1, 1931. A liquidating agent was appointed who was later succeeded by Crawford, receiver. On or about the date the bank closed its doors, the liquidating agent had credited the deposits of J. M. Brewer to the Roper note, and, as stated above, credited the small balance left over to the note executed by J. M. Brewer and his wife.

On the trial of the case, E. B. Brewer was offered as a witness, and testified that a short time prior to the closing of the bank he carried a letter to its cashier signed by his father, J. M. Brewer, which, in effect, directed the bank to credit the deposits on the J. M. Brewer and wife note; that he delivered this letter to the cashier, who stated that he would attend to the matter later. The evidence of E. B. Brewer was objected to on the ground that he was incompetent as a witness under section 1529, Code 1930, and the court below sustained the objection to the evidence and excluded it for that reason, and for the further reason, on its own motion, without that question being raised by the appellee in his objection, that secondary evidence as to the contents of the letter written by the decedent to the bank was incompetent in the state of the record.

There was no conflict as to the amount of the two notes or as to the deposits of J. M. Brewer in the bank.

The court below denied the contention of the petitioners, sustained the cross-bill, and ordered the sale of the property to secure the balance due upon the J. M. Brewer and wife note. From that decree the petitioners, Mrs. Edna Davis and E. B. Brewer, prosecute this appeal here.

The appellants contend as ground for a reversal of this case: (1) That the set-off of the bank deposits could not be allowed by the court upon the Brewer and Roper note, for the reason that it was a joint and several note; and (2) that the court below erred in excluding the evidence of E. B. Brewer, for the reason that such evidence was not an effort to establish a claim against the estate of his deceased father, nor was it a defense to a claim of said estate against the witness.

The deed of trust on the homestead was executed by J. M. Brewer and his wife, Mrs. J. M. Brewer, to secure the payment of their note for five hundred seventy-six dollars and seventy-five cents, and it therein provided that: "Whereas said parties of the first part has agreed to secure the payment of said note. and also any further amounts that *may be advanced them* (italics ours) after the execution of this deed of trust." There was then a general provision that the deed of trust was to be void if the parties should "pay all that may be due said Bank of Monticello . . . on said note and also any other amounts that may have been advanced after the execution of this deed in trust."

Upon these provisions we held that the deed of trust secured both notes; therefore it was immaterial as to whether the deposits of J. M. Brewer were credited on the Roper note or on the Brewer and wife note; the result would be the same.

Upon reconsideration, we have determined that we did not construe the words, and also any further amounts that may be due them, correctly.

"The parties of the first part" were not only J. M. Brewer, but the wife also. Who then is meant by "them," and who is included therein? More than one person evidently. "Them" must be J. M. Brewer and Mrs. J. M. Brewer. So far as the deed of trust as it related to the bank is concerned, both J. M. Brewer and Mrs. Brewer

owed the note secured thereby. The land conveyed thereby was the exempt homestead. Mrs. Brewer's signature thereto was essential to its validity. She and all the parties to the instrument limited the future advances to such as will be made to or created by both parties to the deed of trust. Mrs. Brewer was not a party to the Roper note. The advance evidenced by the Roper note was made to J. M. Brewer alone. By the terms of the deed of trust the Roper note was not secured thereby. The wife's consent to the enlargement of the debt, secured by the deed of trust, was necessary. She did not so do by this contract. See 13 R. C. L., p. 645, sec. 105. "Contemporaneous assent of husband and wife, if living together, is essential to an encumbrance of the exempt homestead." Duncan v. Moore, 67 Miss. 136, 7 So. 221.

Herron v. Land, 151 Miss. 893, 119 So. 823, has no application. The extension there referred to was the same debt while it still remained due as such—a debt she consented to. In the case at bar Mrs. Brewer never consented to any other debt created by him alone. The contract did not provide for nor contemplate his debt created by him alone.

The case of Bacot v. Varnado, 91 Miss. 825, 47 So. 113, is not apposite. There was no deed of trust under the facts here as to any debt not created by both of them; as to all other debts the deed of trust was invalid.

The maxim, "He who seeks equity must do equity," has no application here. Appellants claim the only debt secured here by the deed of trust is entitled to a certain credit, and then offer to pay the balance due thereon. McDonald v. Sanford, 88 Miss. 633, 41 So. 369, 117 Am. St. Rep. 758, 9 Ann. Cas. 1.

E. B. Brewer, one of the complainants and appellants here, and son and heir at law of J. M. Brewer, was offered as a witness pro se. When questioned by his counsel, this ensued:

"Q. Mr. Brewer, when he died, it shows here he had two accounts in the Bank of Monticello.

"By Mr. Patterson: We object to any testimony by Mr. Brewer relative to the estate of his father.

"By the Court: Sustained.

"By Mr. Davis: It is understood that these questions will be asked now in order to make the record.

"By Mr. Patterson: It is understood that we object to all these questions and the ruling will be at the end of the questions."

The witness testified afterwards that he carried an order, written by him at his father's request, and delivered it to the cashier of the bank, the substance of which was about as follows:

"Mr. E. S. Fairman, Cashier, Bank of Monticello, Mississippi.

"Please credit my note and deed of trust with the entire amount deposited to my account. Sheriff of Lawrence County and personal account.

"Yours truly

"J. M. Brewer."

This order was delivered before the bank closed, and while both Mr. and Mrs. Brewer were living. The witness said the cashier told him he would attend to it, and retained the note.

After this evidence was in, the following occurred:

"By Mr. Patterson: We renew our objection.

"By the Court: Sustained. The first reason, it is incompetent. I think it tends to establish a claim against the estate of Mr. J. M. Brewer, and that part wherein the witness related about certain writings or letter, the writing or letter to be the best evidence, and no proper showing has been made as to the absence of the original."

It will be observed that this excluded evidence was, in substance, in support of the main allegation in the original bill. The evidence was excluded because the wit-

ness was held to be undertaking, by his testimony, to establish his claim against the estate of a decedent under section 1529, Code 1930.

The evidence was competent. The estate of a decedent was not a party to this litigation. The heirs at law here, of which witness was one, sought to show that decedent had, in his lifetime, paid pro tanto a specific note and deed of trust by directing that his deposits in said bank be applied as part payment thereof. There was no transaction as to the estate between Brewer, the decedent, and his son. It is purely incidental that years subsequent to this occasion his son, the witness, inherited an interest in the exempt homestead. The incident here related by witness does not show any dealings between the decedent and the witness, but rather between the decedent and the bank. The son had no interest in this homestead of his father until the latter died.

On the occasion here in question the bank was debtor to the decedent in the amount of his deposits in said bank. In this situation, it was not the representative of the decedent. The question here presented is settled, as we think, in the case of Cock v. Abernathy, 77 Miss. 872, 28 So. 18. The rule controlling here is found in Jacks v. Bridewell, 51 Miss. 881, as follows: ''The exclusion is not confined to cases in which the controversy is between him who would testify to his 'claim' or 'right,' and the administrator or executor of the deceased person, but it extends to every assertion of such right by a party to any part of the estate left by a deceased person, and claimed by such party . . . *by reason of an alleged transaction between such party and the deceased person.*'' (Italics ours.) It is as if the witness here were a witness to a transaction between his deceased father and the cashier of the bank. Cf. Garner v. Townes, 134 Miss. 791, 100 So. 20.

The cases of Love v. Stone, 56 Miss. 449, Combs v. Black, 62 Miss. 831, Jackson v. Smith, 68 Miss. 53, 8 So. 258, and Whitehead v. Kirk, 104 Miss. 776, 61 So. 737, 62 So. 432, 51 L. R. A. (N. S.) 187, Ann. Cas. 1916A, 1051, are not in conflict, but support the rule above quoted.

The court below erred in excluding the above testimony; the witness was competent.

The court below, however, on its own initiative, under the best evidence rule, excluded the evidence of the witness as to the contents of the order—the contents of the order written by his father which, he says, he delivered to the bank. In this connection, subsequent to this action of the court, the cashier of the bank, Fairman, categorically denied that Brewer, the witness, had ever delivered any such order to him, and denied all knowledge thereof. Thus we see that, as to this reason assigned by the lower court, the appellants could easily have made this evidence competent by at once introducing Fairman; but, with the heart of their case excluded because of the incompetency of their witness, that action by them would have been in vain. Notice to produce the paper in such case would be nugatory—an idle ceremony. 2 Enc. of Ev., pp. 355, 356.

For the error in excluding the evidence of Brewer, the case must be reversed, so that the court below may pass upon the question of fact. In this view, it is now unnecessary for us to pass upon other questions.

Reversed and remanded.